## Charles Mulvey Manufacturing Company et al., Appellees, v. Frederick W. McKinney et al.

## On Appeal of Frederick W. McKinney, Appellant.

## Gen. No. 18,430.

1. LANDLORD AND TENANT, § 470*—*when equity will relieve against forfeiture for nonpayment of rent.* One of the familiar instances of equitable relief is its prevention of a landlord's attempted termination of a lease for the nonpayment of rent. Equity will relieve in such cases where compensation can be made and money and interest are compensation, and such relief will be afforded although the lessor may in ejectment have recovered the possession of the premises.

2. LANDLORD AND TENANT, § 504*—*when judgment entered against tenant for possession does not conclude him from relief in equity.* In an action of ejectment or the statutory action of unlawful detainer the right of possession alone is involved, and the judgment in such action does not conclude the lessee from relief in equity.

3. LANDLORD AND TENANT, § 471*—*when injunction will issue to restrain enforcement of forfeiture for nonpayment of rent.* On bill for relief against a forfeiture for nonpayment of rent, if there is no special reason to the contrary, an injunction thereupon goes to restrain further steps to enforce the forfeiture.

4. LANDLORD AND TENANT, § 471*—*what essential on bill for relief against forfeiture for nonpayment of rent.* On bill in equity for relief against a forfeiture for nonpayment of rent, all arrears of rent, interest and costs must be paid or tendered.

5. LANDLORD AND TENANT, § 119*—*effect of assignment of lease or alienation of the premises.* The right of a lessee is not affected by the lessor's assignment of the lease and alienation of the premises; the alienee succeeds to the right accruing subsequent to the alienation but is subject to all the rights and equities of the lessee against the lessor.

6. LANDLORD AND TENANT, § 123*—*when payment of rent in advance is good as against subsequent assignee of lessor.* An advancement by the lessee for a term of years to the lessor of a certain sum under an agreement that the amount so advanced should apply on the last year's rent is a good payment of that year's rent as against an assignee of the lessor who took the assignment while the lessee was in open possession.

7. LANDLORD AND TENANT, § 51*—*when antecedent parol agreement admissible.* On bill filed by a lessee against the assignee of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the lessor to redeem from a forfeiture for the nonpayment of rent, evidence showing that the lessor orally agreed before the execution of the lease that in case the lessee and others should be required to pay a certain promissory note given by them to the lessor to enable him to raise money for a building, the amount so paid should apply on the rent thereafter accruing, *held* admissible as being an antecedent parol agreement collateral to the lease.

8.   EVIDENCE, § 350*—*when proof of oral separate agreement not a violation of parol evidence rule.*   The rule that parol evidence is inadmissible to vary the terms of a written instrument is not violated by allowing testimony of a distinct, valid, collateral, contemporaneous or antecedent agreement between the parties which was not reduced to writing where the same is not in conflict with the terms of the written instrument.

9.   NOTICE, § 17*—*when assignee of lessor charged with notice of tenant's rights.*   Assignee of lessor takes subject to the rights of the lessee where the lessee was in actual and visible possession at and before the time of the assignment of the lease, such possession being constructive notice to him of whatever rights the possessor then had in the premises.

10.   APPEAL AND ERROR, § 866*—*when abstract of record insufficient.*  A printed copy of the record is in no sense an abstract of the record.

11.   COSTS, § 74*—*when appellant will not be allowed costs for printing abstract not conforming to rules of court.*   Where what is called an abstract of the record is a copy of the record and in no sense an abstract thereof, appellant will not be allowed costs for printing same.

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.   Heard in this court at the March term, 1912.   Reversed and remanded with directions.   Opinion filed January 12, 1914.

CHARLES SCRIBNER EATON, for appellant Frederick W. McKinney.

EUGENE STEWART, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The evidence in this case is voluminous.   The abstract contains more than a thousand printed pages and there is in the briefs of counsel no proper statement of facts.   We shall not attempt to state in detail

the various contentions of the parties nor the evidence relied on to support such contentions. The chancellor heard the witnesses and we shall base our decision on his findings of fact except where, in our opinion, a finding is not supported by the evidence.

The owners of certain real estate demised portions thereof to Albert L. Berry by ground leases made on and prior to April 1,.1907, for terms ending in 1937. April 29, 1907, Berry entered into a contract in writing, which began with a recital that it was made by Berry of the first part and the complainants in the bill, appellees here, of the second part, but was signed only by Berry, the complainant corporation, W. H. Gervais and W. H. Barry. By this agreement Berry agreed to lease a portion of the land so leased to him to the parties of the second part for a term of ten years from June 1, 1907, at a rental of $2,000 per year, payable in monthly instalments of $166.66 each on the fifth day of each month, and to erect a two-story building containing an area of 8,800 square feet on the premises. The parties of the second part agreed to pay to Berry $2,000 in instalments, the last instalment to be paid when the building was ready for occupancy, which sum, the writing provided, should be applied in payment of the rent for the tenth year of the term unless Berry desired to apply it on the rent for some prior year. The writing further provided that for the $2,000 Berry should give his note bearing interest at five per cent., "up to the beginning of the year which it shall apply as payment of the rent," and also that said note should be in the nature of a receipt for the year's rent. The Mulvey Company advanced to Berry $2,000 and received from him the following receipt:

"CHICAGO, July 1, 1907.

Received of the Chas. Mulvey Mfg. Co. two thousand dollars for rent of Building 1335 35th street, Chicago, same being rent in advance for said premises as described between Chas. Mulvey Mfg. Co. *et al.* from Albert L. Berry.

ALBERT L. BERRY."

The writing further provided that the parties of the second part should issue to Berry the note of the Mulvey Manufacturing Company for $4,000, payable in three years, indorsed by W. B. and L. L. Gervais, W. H. and P. E. Barry and E. L. Beckerleg, bearing interest at six per cent., which note, the writing stated, was given for the purpose of assisting Berry to secure funds for the erection of said building. A note made and indorsed as provided in the agreement, dated July 1, 1907, and payable three years after date, with interest at six per cent., was delivered to Berry. It later came into the hands of appellant McKinney, who brought suit on it against the maker and indorsers July 15, 1910.

The bill alleged, the evidence proved and the court found that prior to the assignment of the lease by Berry to McKinney, Berry orally promised the complainants that in case they or any one of them should be required to pay said note, the amount so paid should apply on rent under said lease coming due after three years from the date thereof. Berry assigned the lease to McKinney April 17, 1908. The Charles Mulvey Manufacturing Company then was, and for six months or longer had been, in the occupancy and possession of the demised premises. The Mulvey Company paid the rent that fell due prior to August 5, 1908, and for the rent that became due that day sent to McKinney, August 7 a check, which he refused to receive. The lease contains the usual provisions giving the lessor or his assigns the right to declare a forfeiture for nonpayment of rent, and McKinney, August 6, elected to terminate the lease and gave the Mulvey Company notice of such election August 10. McKinney brought his action of unlawful detainer in the Municipal Court against the Mulvey Company, had judgment for possession, which was affirmed by Branch B. of this court. *McKinney v. Mulvey Mfg. Co.,* 157 Ill. App. 339.

In an action of ejectment or the statutory action of unlawful detainer the right of possession alone is in-

volved, and the judgment in such action does not conclude the lessee from relief in equity.

One of the most familiar instances of equitable relief is its prevention of a landlord's attempted termination of a lease for the nonpayment of rent. In 4 Viner's Abr., chap. V., pl. 31, p. 406, it was held that relief may be granted for breach of covenant to pay rent, although the rent is a rack rent equal to the value of the land. The court held that in this and the like cases the clause of re-entry is in the nature of a penalty, and therefore relievable in a court of equity upon making satisfaction to the injured party. In 1 Pomeroy's Eq. Jurisprudence, sec. 453, it is said:

"Where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessee has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money."

To the same effect are Taylor on Landl. & Ten., sec. 495; 2 Story, Eq. Juris., sec. 1315. See note to *Maginnis v. Knickerbocker Ice Co.*, 112 Wis. 385, 69 L. R. A. 833.

Equity will relieve where compensation can be made and money and interest are compensation. In equity, relief is afforded although the lessor may in ejectment have recovered the possession of the premises. *Wadman v. Calcraft*, 10 Ves. 67; *Davis v. West*, 12 Ves. 475; *Hill v. Barclay*, 16 Ves. 402. The right of the lessee is not affected by the lessor's assignment of the lease and alienation of the premises. The alienee succeeds to the right accruing subsequent to the alienation, but is subject to all the rights and equities of the lessee against the lessor. *Abrams v. Watson*, 59 Ala. 524.

On another ground McKinney must be held to have taken an assignment of the lease and conveyance of the interest of Berry in the premises subject to the rights and interest of the Mulvey Company. That company was in the actual, open and visible possession and occupancy of the premises at and before the time that the lease was assigned or the land conveyed to McKinney, and such possession was constructive notice to him of whatever rights the possessor then had in the premises. *Carr v. Brennan,* 166 Ill. 108; *Farmers' Nat. Bank of Bushnell v. Sperling,* 113 Ill. 273; *Coari v. Olsen,* 91 Ill. 273.

In the case last cited it was said, p. 280: "But, although other courts have held the doctrine of notice by possession as subject to being materially modified by circumstances, this court has uniformly held that actual occupancy is equal to the record of the deed or other instrument under which the occupant claims, and a purchaser is bound to inquire by what right or title he holds. The purchaser takes the premises subject to that title or interest, whatever it may be."

The bill of complaint is, to say the least, not in the usual form of a bill in equity for relief against a forfeiture of a lease for nonpayment of rent, or, as it is usually called, a bill to redeem; but we think it may be regarded as such a bill. On such a bill, "all arrears of rent, interest and costs must be paid or tendered. If there be no special reason to the contrary, an injunction thereupon goes to restrain further steps to enforce the forfeiture." *Sheets v. Selden,* 7 Wall. (U. S.) 416, 421.

We do not regard it as material that neither the agreement nor the lease was executed by all the complainants. The Mulvey Company was the occupant of the demised premises and the real party in interest in this controversy. If it is entitled to relief, then relief should be granted to it, although some of the other complainants may not be entitled to any relief. Appellant can have no just cause of complaint if this

course is adopted. The question in the case is as to his rights as the assignee and alienee of Berry, and this depends on the covenants or promises of Berry.

We are unable to agree with the chancellor that the Mulvey Company was entitled to immediate credit for the $2,000 advanced by it to Berry, July 1, 1907. The agreement was that the $2,000 should be applied in payment of the rent for the tenth year of the term unless Berry elected to apply it on an earlier year. Berry made no such election and the chancellor had no power to apply the money in payment of the rent for any year before the tenth. The agreement that said sum should be applied in payment of the rent for the tenth year and that it should bear interest at five per cent. until the beginning of that year was binding on McKinney. If a lessee in a lease of a house for a year pays the year's rent, takes possession, and the lessor afterwards assigns the lease, no one would claim that the assignee could disregard the payment of rent to the lessor and compel the lessee to pay rent again. Nor would the rule be different if in the case supposed the lessee paid to the lessor the rent for the last month only. We are unable to perceive any ground on which it can be held that a payment of the last month's rent by the lessee in possession of the premises is a good payment as against a subsequent assignee of the lease, and that an advance of the money to the lessor by the lessee under an agreement that the amount so advanced should apply on the last month's rent is not, as against the assignee, a good payment of that month's rent.

The note for $4,000 was an accommodation note and the maker and indorsers have therefore no defense to it. It is held by McKinney and he has put it in suit. Berry has filed a voluntary petition in bankruptcy and it is certain that the maker or indorsers will have to pay the note. Berry, as has been said, orally agreed with the maker and indorsers before the lease was made, that if any one of them had to pay the note the

amount so paid should apply on rent under the lease coming due after three years from its date. Appellant contends that testimony of said oral promise was inadmissible because it tends to vary and contradict the terms of the written lease. No rule is better settled than that parol testimony cannot be received to vary, contradict, add to or take from the terms of a valid written instrument. But this rule is not violated by allowing testimony of a distinct, valid, collateral, contemporaneous or antecedent agreement between the parties which was not reduced to writing, where the same is not in conflict with the terms of the written instrument. In discussing this rule, Taylor in his treatise on the Law of Evidence says, section 1038:

"The rule does not prevent parties to a written instrument from proving that either contemporaneously or as a preliminary measure they had entered into a distinct oral agreement on some collateral matter. Still less, as will presently be shown, does the rule exclude evidence of an oral agreement which constitutes a condition on which the performance of the written agreement is to depend."

The same author says, sections 1049-1157:

"It is almost superfluous to observe that the rule is not infringed by proof of any collateral parol agreement which does not interfere with the terms of the written contract, though it may relate to the same subject matter."

See also Greenleaf, sec. 284a; *Lindley v. Lacey,* 17 C. B. N. S. 578, 112 E. C. L. 578; *Welz v. Rhodius,* 87 Ind. 1, where both the English and American authorities are cited. That such an antecedent oral agreement was made in this case was testified by Berry, Gervais and Barry, and not disputed. The chancellor found in effect that the antecedent parol agreement was a separate agreement, collateral only to the lease, and that proof of such agreement did not contradict or modify any provision of the lease, or affect any right or obligation created by it, and in such view we concur. If Berry was still the landlord and the $4,000

note was held by a third party, under Berry's agreement with the Mulvey Company he would be bound, if that company was compelled to pay the note, to apply the amount so paid on the rent falling due on the lease after August 1, 1910. The fact that McKinney is both the assignee of the lease and the holder of the note cannot affect the rights of the Mulvey Company against him as the assignee of the lease, nor his right as such assignee of the lease and holder of the note as against that company. McKinney is entitled to collect the amount of the $4,000 note from the Mulvey Company, but is bound to apply the amount so collected on the rent falling due after August 1, 1910.

Appellant has filed no abstract of the record, in accordance with the rule and practice of this court. That which purports to be one is in no sense an abstract of the record but is a printed copy of the record. The agreement for a lease and the lease from Berry to the Mulvey Company are printed in full three times. The questions asked and the answers of the witnesses are also printed in full, as are the arguments and objections of counsel, which have no proper place in a certificate of evidence. Appellant will therefore be allowed no costs for printing what is called an abstract in the case. *Kelly v. Kellogg,* 79 Ill. 477-482; *Richardson v. Cassidy,* 63 Ill. App. 482.

The decree of the Superior Court will be reversed and the cause remanded to that court with directions to refer the cause to a master to take an account of what is due to McKinney for rent and interest on the lease from Berry to the Mulvey Manufacturing Company and others in the bill of complaint mentioned, allowing interest on each instalment of rent from the time it came due at five per cent. per annum, and on the note for $4,000, also mentioned in the bill of complaint, for principal and interest at six per cent. per annum, and the amount of McKinney's costs in the forcible detainer suit mentioned in the bill both in the Municipal Court and in this court, and for his costs

in the suit on the $4,000 note and for his costs in this case both in the Superior Court and in this court, and for his costs in the suit brought in the Municipal Court for rent for the months of May and June, 1908, and what shall be found to be due on the note for $4,000 is to be deducted out of the amount due him for rent, interest and costs. On the coming in and approval of the report the court will order and decree that the complainants, or some one of them, pay to McKinney within sixty days from the entry of such decree the amount found to be due to him on said $4,000 note, and also the balance due him for rent, interest and costs after deducting therefrom the amount due to him on said $4,000 note, and that on such payments being made or tendered and the money paid into court if the tender be refused, an injunction go to restrain said McKinney from taking any further steps to enforce the forfeiture of said lease or the payment of said $4,000 note, and further ordering that he deliver to said Mulvey Manufacturing Company, or to such person as it shall direct, said $4,000 note, free and clear of all incumbrance done by him, or any person claiming by, from or under him, and satisfy and discharge of record the judgments for costs above mentioned. And the court will further by its decree adjudge and declare that the said Mulvey Manufacturing Company is entitled to be credited by said McKinney with the sum of $2,000 with interest from July 1, 1907, at five per cent. per annum for the money paid and advanced by said company to Albert L. Berry July 1, 1907, the same to be applied by said McKinney on the rent last falling due on the lease from said Berry to said Mulvey Manufacturing Company and others, and that on default of the said complainants, or some one of them, paying to said McKinney what shall be found due him on said $4,000 note, and the balance due him for rent, interest and costs after deducting therefrom the amount due to him on said $4,000 note, that the bill of

complaint do from thenceforth stand dismissed out of that court at the costs of complainants.

*Reversed and remanded with directions, at the costs of appellees, but the appellant will be allowed no costs for printing the abstract.*