LEO J. RADER, *Appellant,* v. WALTER W. PRATHER and OLIVE E. PRATHER, his wife, *Appellees.*

En Banc.

Opinion filed August 5, 1930.

592

*Arthur S. Friedman* and *Whelan & Weintraub,* for Appellant.

*Price, Price, Kehoe & Kassewitz,* for Appellees.

DAVIS: Commissioner:

In this case the appellees on November 12, 1925, as lessors, leased certain property in Bay Vista Park, Dade County, Florida, for a term of two years at a total rental of $1800.00, payable $600.00 in advance for the first year and $100.00 per month on the first day of each month in advance for the second year. It was provided that the lessees should have the privilege of removing all improvements from said property at the expiration of the term, and that they should have an additional three-year option on the above described property, at the rate of Four Thousand Dollars ($4,000.00) per year, to be paid in twelve (12) monthly installments of 333.33 each, in advance.''

The lease was assigned to the appellant and on December 10, 1925, appellees entered into a supplemental agreement with appellant, whereby appellant was given the option to lease the premises for a period of five years next ensuing after November 12, 1930, at a rental value to be determined as therein provided. It was also agreed that the appellant should place on the property at his expense a concrete block building covering the entire frontage of the property, the same to conform to the requirements of the building code of the City of Miami and to become a part of the freehold and to pass with the land at the expiration of the lease, should the option be exercised, and further that if appellant should fail to pay the rent when due "such breach shall be a sufficient cause for the lessee to become, and will become a tenant at will, and the lessors may re-enter and take possession of the said property, together with all buildings and fixtures thereon."

In addition to the foregoing facts, the bill shows that Appellant erected upon the property a building at an expense to him of $12,000.00 and that on the 19th of September, 1926, it became so badly damaged by wind and water that he spent an additional $2,000.00 to make it tenantable; that appellees verbally agreed with the appellant that they would not press him for rent until he could pay for said repairs and that because of the expense thus incurred, appellant fell behind in the payment of rent for October, November and December, 1926; that appellees thereupon instituted suit in the County Court for possession of the premises, appellant being required to appear in the cause on January 7, 1927; that on the 11th of January, 1927, appellant appeared in the cause by attorney and paid into court the total amount of rent then due and costs of said suit and that judgment was therein afterwards entered against appellant and he was ousted

from possession of the property. The appellant prayed that the forfeiture be set aside and that possession of the premises be restored to him and for an accounting. The bill was filed on September 28, 1927.

The appellees demurred to the bill upon the following grounds:

"1. That there is no equity in the bill.

"2. It is apparent from the averments of the said. bill and the exhibits thereto attached that the said complainant has or had a plain and adequate remedy at law.

"3. It is affirmatively shown by the averments of the said bill of complaint that complainant had breached his said contract of lease, and that these respondents were entitled to the possession of the premises mentioned and described in said bill, together with all improvements thereon.

"4. It affirmatively appears from the averments of said bill that the matters of difference between complainant and these respondents had been tried in a court of competent jurisdiction and judgment entered against complainant in this behalf for the possession of the premises and improvements thereon set forth and mentioned and described in said bill of complaint.

"5. It is apparent from the averments of said bill of complaint that all matters and things set forth and mentioned in said bill of complaint have been adjudicated in a court of competent jurisdiction."

The demurrer was sustained by order of the court on January 12, 1928, and from this order appellant appealed. to this Court.

That forfeiture clauses are not favored in either law or equity, is admitted. Baker v. Clifford-Mathew Inv. Co., 99 Fla. 1229, 128 So. R. 827.

A court of equity has inherent power to relieve a tenant from a forfeiture of his estate because of a failure to pay rent at the time required by the terms of his lease. Sheets v. Selden, 7 Wall. (U. S.) 416, 19 L. Ed. 166; Kann v. King, 204 U. S. 43, 51 L. Ed. 360; 27 Sup. Ct. R. 213; Abrams v. Watson, 59 Ala. 524; Charles Mulvey Mfg. Co. v. McKinney, 184 Ill. App. 476; South Penn. Oil Co. v. Edgell, 48 W. Va. 348, 37 So. E. R. 596, 86 A. S. R. 43; Bonfils v. Ledoux, 266 Fed. R. 507, 16 A. L. R. 430; Wylie v. Kirby, 115 Md. 282, 80 Atl. R. 692, Ann. Cas. 1913A, 825. And this Court has held that courts of equity always mitigate forfeitures when it can be done without doing violence to the contract of the parties. McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. R. 961.

"Where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money." 1 Pomeroy's Equity Jurisprudence. (4th Ed.) Sec. 453. See also Gordon v. Richardson, 185 Mass. 492, 70 N. E. R. 1027, 69 L. R. A. 867.

In 10 R. C. L. 334, the authors say:

"The jurisdiction of equity to relieve from forfeitures seems to have been invoked most frequently in

favor of defaulting lessees. If a lease provides that
on the failure of the lessee to pay the rent at the
specified time the lease shall be void, or the lessor
may re-enter and declare the lease at an end, equity
will ordinarily intervene to relieve the lessee, and set
aside the forfeiture. And this will be done whether
the lessee has been dispossessed by the lessor or not.
This doctrine is based on the principle that in all
cases where the penalty or forfeiture is designed to
secure the payment of a certain sum of money, a court
of equity will grant relief on the payment of the money
secured with interest, also that such covenants in
leases are intended merely as security for the payment
of money, and therefore the money being paid the
purpose of the forfeiture is gone."

In Sheets v. Seldon, *supra,* the Court said:

"The grounds upon which a court of equity pro-
ceeds are, that the rent is the object of the parties,
and the forfeiture only an incident intended to secure
its payment; that the measure of damages is fixed
and certain, and that when the principal and interest
are paid the compensation is complete. In respect to
other covenants pertaining to leasehold estates, where
the elements of fraud, accident and mistake are want-
ing, and the measure of compensation is uncertain,
equity will not interfere."

Indeed it is generally held that equity will relieve
against the forfeiture of a lease for the nonpayment of rent
whenever it is just and equitable to do so, the only condi-
tion precedent to such relief being the tender of payment
of the arrears of rent with accrued interest. See note 16
A. L. R. 439 and cases there cited.

It is apparent that in default in the payment of rent when due, appellees had the right to declare a forfeiture unless waived by them. Waiver is the intentional relinquishment of a known right (27 R. C. L. 904) and may be express or implied. The allegation of the bill that appellees would not press appellant for rent until he could pay the expense of the repairs made necessary by the storm of September 19, 1926, stands admitted by the demurrer. Unless appellant could pay both the rent and the expense of the repairs, it isn't probable that he would have gone to the expense of making the repairs unless he had some assurance from appellee that he would not be held to the letter of that portion of the contract which pertain to the payment of rent. Such an agreement was sufficient to mislead the appellant, to his prejudice, into the honest belief that a waiver was intended or consented to by the appellees, and the fact that they took no action until December following the first default in October persuades us to believe that they must have made the agreement alleged to have been made.

Waiver may be inferred from conduct of acts putting one off his guard and leading him to believe that a right has been waived. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. R. 751; 27 R. C. L. 909; 29 A. & E. Ency. Law, 1103; 40 Cyc. 252-254.

Mr. Pomeroy in his admirable work on Equity Jurisprudence (4th Ed.) Sec. 451, says:

"If there has been a breach of the agreement sufficient to cause a forfeiture, and the party entitled thereto, either expressly or by his conduct, waives it or acquiesces in it, he will be precluded from enforcing the forfeiture, and equity will aid the defaulting party by relieving against it, if necessary."

If after the default in the payment of any installment of the rent and prior to the institution of the action in the county court, the appellees fixed any definite time for the payment of rent or demanded such payment, we are not so advised by the transcript. In any event, it appears that appellant spent $14,000.00 for improvements upon the land and in making repairs to such improvements; that for about three months after the property was damaged by wind and water, appellant was behind in the payment of rent, but during that period he repaired the damage done to the property he held under the lease; and that within a few days after the return day of the process in the proceeding instituted against him for possession (which proceeding had to be summary in nature, inasmuch as it was in the county court) and before judgment, he paid into the court the arrears and costs. In other words, he did what the ''security'' (the forfeiture provision of the contract) was intended to make certain—paid what was due.

In the absence of gross negligence or wilful and persistent violation of the contract, such matters as are alleged in the bill of complaint should appeal to the conscience of a court of equity, and are ordinarily sufficient to justify granting relief from a forfeiture.

Will the fact that the action in the county court proceeded to judgment before a court of equity was resorted to by the holder of the lease cause the court to withhold the relief prayed for if it would have otherwise granted it? We think not. The purpose of the action in the county court was to dispossess the appellant. No issues were involved in that proceeding, except those mentioned in the statute, Section 3543 and 3545, Rev. Gen. Stats., Sections 5407 and 5409, Comp. Gen. Laws of Florida, 1927. The county court has no inherent power as has a court of equity to relieve a tenant from a forfeiture of his estate because of the failure

.to pay rent at the time required by the terms of his lease. In 16 R. C. L. 1152, we find that:

"The fact that the forfeiture has been enforced by proceedings at law for the recovery of possession is not itself ground for denying relief."

In the case of Charles Mulvey Mfg. Co. v. McKinney, *supra,* which is somewhat similar to this case, the lease involved gave the lessor the right to declare a forfeiture for the nonpayment of rent. The lessee failed to offer to pay an installment of rent until two days after it became due and lessor elected to terminate the lease, brought an action of unlawful detainer and took judgment for possession. Thereupon the lessee filed his bill of complaint for relief against the forfeiture. The appellate court in holding that he was entitled to such relief among other things said that in

"the statutory action of unlawful detainer, the right of possession alone is involved, and the judgment in such action does not conclude the lessee from relief in equity."

In Abrams v. Watson, *supra,* a lessor obtained a judgment against a lessee in an action of unlawful detainer for the alleged nonpayment of rent as provided in a covenant of the lease, whereupon the lessee filed a bill of complaint in chancery for relief against the forfeiture, and the Alabama Court held that the judgment in the action of unlawful detainer in which the right of possession alone was involved did not conclude the complainant from relief in equity.

In this case, the Court said:

"Covenants of this kind, for the forfeiture of a lease, and the re-entry of the lessor, by a breach of the

lessee's covenant for the payment of rent, in courts of equity, and of law, are regarded as intended as a mere security for the payment.''

The decree of the circuit court sustaining the demurrer to the bill of complaint is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby, reversed and the cause remanded for appropriate proceedings.

TERRELL, C. J., and WHITFIELD, STRUM and BUFORD, J. J., concur.