63 So.2d 329 (1953)
NEVINS DRUG CO., Inc.
v.
BUNCH et al.
Supreme Court of Florida, Division A.
February 24, 1953.
McCune, Hiaasen & Kelley, Berryhill, Leaird & Tedder, Fort Lauderdale, and Weldon G. Starry, Tallahassee, for appellant.
Joseph A. Varon and Judson Samuels, Hollywood, for appellees.
MATHEWS, Justice.
This was a suit in equity to relieve a tenant, or lessee, from a forfeiture, after the conclusion of a statutory proceeding for eviction because of nonpayment of rent. The eviction proceedings were brought under Chapter 83 F.S.A., and particularly, Section 83.20(2), which authorizes the statutory proceeding "after any default in the payment of rent pursuant to the agreement under which such premises are held". The proceedings are simple and the only question was whether or not the defendant was holding over without permission of his landlord after default in the payment of the rent.
A trial was demanded and had before a jury. Final judgment was issued pursuant to the verdict of the jury; motion for new trial was made, which was denied on the 17th day of November, 1952. The proceedings were instituted on the 30th day of October, 1952.
On November 18, 1952 the appellant, hereinafter referred to as the lessee, filed *330 its complaint in equity seeking relief from a forfeiture. It is admitted by the pleadings that the lessee conducted a drug business and the same was a going concern; that the Christmas Season was approaching and that the merchandise and other equipment of the lessee had a value of approximately $100,000; the location was a valuable one for such a place of business; the lessee was in possession of the premises under a written lease, the terms of which are not material at this time, except as construed by the parties; the rental was fixed at $1,375 per month. On the 23rd of October, 1952 the lessor served notice upon the lessee that it was in default in the payment of rent and demanded payment thereof.
The lessee was tenant of another piece of property which is not involved in this action but reference thereto is necessary in order to make clear some of the allegations of the bill of complaint. The complaint alleged in part as follows:
"* * * that this Plaintiff contacted by telephone Joseph Varon, the duly authorized agent and attorney of the Defendant Lessor, and offered to immediately bring to Mr. Varon's office the cash sum of the rent due, but was instructed by said attorney to deliver a check for the payment of the said rent to Mr. Varon's office, rather than and in lieu of cash payment of said rent, all of which was done according to instructions. The rent check was personally delivered to Mr. Varon's office on Monday afternoon, October 27, 1952, by the President of Plaintiff corporation; that prior to the delivery of the aforesaid rent check in the amount of $1375.00 to Mr. Varon's office, Albert J. Sylk, President of the Plaintiff herein, personally deposited to his existing account in the Mercantile National Bank of Miami Beach, Florida, the sum of $1,121.90 in legal currency, making a total balance in his account in said bank of the sum of $2,364.56. * * * Further, this Plaintiff alleges that the holder of said check, Defendant Lessor herein, failed to advise the President of the Plaintiff corporation, or any person of authority connected with said Plaintiff, that the October rent check had not been paid. The first notice that this Plaintiff corporation had of non-payment of the aforesaid rent check was the service of summons in a landlord and tenant proceeding in the County Court of Broward County, Florida, on the 4th day of November, 1952, at 10:45 A.M., although the suit had been filed on the 30th day of October, 1952. * * *"
In the answer filed by the landlord it states specifically, among other things:
"That immediately after receipt of said notices, Albert J. Sylk, President of Nevins Drug Co., Inc., Plaintiff herein, did call Joseph Varon, Agent and Attorney for the Lessors, and did acknowledge receipt of the said notices stating that he would personally deliver the rentals for the said three stores on or about the 27th day of October, 1952.
"* * * * * *
"That said checks were delivered to James M. Breeding who took them to the bank upon which they were drawn and presented the same for payment at approximately 11:30 A.M. on the 28th day of October, 1952; that at said time the bank did refuse payment thereon and did affix thereto a slip indicating that the reason for refusal of payment was insufficient funds."
The landlord further pleaded the final judgment obtained by it in the summary proceeding in the county court hereinabove mentioned, praying for possession of the store, alleging as grounds for forfeiture "the failure of the defendant to pay the October rent."
Before writ of possession under the distress warrant was served, the appellant (lessee) filed his bill of complaint and obtained a temporary injunction seeking to enjoin the execution of the writ of possession and for other relief, and tendered to the Clerk of the Circuit Court sufficient monies to make the landlord whole.
*331 On the 18th day of November, 1952, the Chancellor made an order enjoining and restraining the execution of the distress writ and put the lessee in possession of the property. On December 19, 1952 the Chancellor entered a final decree in which he set aside and vacated the order granting the temporary injunction and dismissed the bill of complaint, with prejudice, and because the plaintiff was not entitled to the equitable relief prayed for. This appeal is prosecuted from that final decree.
Subsequent to the final decree and notice of appeal the tenant filed its petition for a constitutional writ to maintain the status quo and to enjoin the sheriff from executing the writ of possession. The writ was granted.
In the case of Rader v. Prather, 100 Fla. 591, 130 So. 15, 16, this Court had before it a suit in equity to relieve a tenant from a forfeiture because of his failure to pay the rent at the required time. The Court said:
"A court of equity has inherent power to relieve a tenant from a forfeiture of his estate because of a failure to pay rent at the time required by the terms of his lease. Sheets v. Selden, 7 Wall. 416, 421, 19 L.Ed. 166; Kann v. King, 204 U.S. 43, 27 S.Ct. 213, 51 L.Ed. 360; Abrams v. Watson, 59 Ala. 524; Charles Mulvey Mfg. Co. v. McKinney, 184 Ill. App. 476; South Penn. Oil Co. v. Edgell, 48 W. Va. 348, 37 S.E. 596, 86 Am.St.Rep. 43; Bonfils v. Ledoux, 8 Cir., 266 F. 507, 16 A.L.R. 430; Wylie v. Kirby, 115 Md. 282, 80 A. 962, Ann.Cas. 1913A, 825. And this court has held that courts of equity always mitigate forfeitures when it can be done without doing violence to the contract of the parties. McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961.
"`Where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money.' 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 453. See, also, Gordon v. Richardson, 185 Mass. 492, 70 N.E. 1027, 69 L.R.A. 867."
The positive allegations of the bill of complaint and the denials and admissions of the answer become important in this case. It is alleged in the complaint and admitted in the answer that the tenant did call the landlord, acknowledged receipt of the notice, and stated that he would personally deliver the rentals, whereupon the landlord stated that a check would be all right; that said checks were delivered to the landlord on the 27th day of October, 1952, were accepted by the landlord and presented to the bank at approximately 11:30 a.m. on the 28th day of October, 1952, and someone in the bank refused payment of the checks, affixing thereto a slip marked "Not Sufficient Funds". In the answer the landlord did not specifically admit that he told the tenant to deliver a check in payment for the rent in lieu of cash, and neither did he deny this specific allegation. The Rule, 31 F.S.A. Rules of Equity, rule 34, provides as follows:
"The defendant in his answer shall in short and simple terms set out his defenses to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial. Averments other than those of value or amount of damage, if not denied, shall be deemed confessed, * * *." (Emphasis supplied.)
The only testimony in the record pertinent to the issue here involved was with *332 reference to the check mentioned together with the bank record of deposits and withdrawals. The bank record discloses the following deposits, withdrawals and balances, beginning October 27, 1952 and ending at the close of business on October 31, 1952:

"Checks in Detail Deposits Date Balance
----------------------------------------------------------
 1,121.90 Oct 27 '52 2,364.56
 2,500.00 Oct 28 '52 4,864.56
153.63 393.24 Oct 29 '52 4,317.69
100.00 100.00 Oct 30 '52 4,117.69
500.00 1,507.35 Oct 31 '52 5,125.04"
----------------------------------------------------------

It is, therefore, apparent that at the time the check was presented about 11:30 a.m. on October 28, 1952 until the close of business on October 31, 1952, there were more than ample funds on deposit in the bank with which to pay this check. It may be true that the bank was under no legal liability to make payment of the check to the payee and that its liability was to the payer. Be that as it may, the landlord admits that the lessee called him upon receipt of notice of default, offered to deliver the money for the rent personally, did deliver a check in the correct amount, which was accepted by the landlord and presented by him to the bank for payment, under the circumstances above set forth. The landlord did not deny the positive allegation that he had requested a check in lieu of cash.
The facts shown by the positive allegations of the complaint, the admissions of the answer and the documentary proof, were sufficient to give the appellant a standing in a court of equity to relieve him from a forfeiture of his estate because of the failure to pay rent at the time required and specified in the terms of his lease; unless there are other facts and circumstances not disclosed by the record.
In its final decree the Court recites that the matter was heard upon final hearing as presented by the pleadings of all interested parties and "all witnesses having appeared with their respective counsel at said final hearing and their testimony taken and considered by the court". The record failed to disclose that the testimony was except as hereinabove indicated. The Rules provide for directions in making up the transcript of the record to be filed by the plaintiff. The Rules, 30 F.S.A. Rules of Supreme Court, rule 11(b), work both ways and also provides:
"(b) By Appellee. The appellee shall within ten days after said service is made file with the Clerk of the trial court directions designating additional portions essential to be included in the record on appeal."
It is insisted by the appellee that the summary judgment in the distress proceedings in the county court was final and conclusive and that the proceeding in equity to to relieve against a forfeiture was too late and precluded by the judgment in the county court. This question was directly raised in the case of Rader v. Prather, supra, and was decided adversely to this contention.
The action in the county court was a summary action. The County Court has no inherent power to relieve a tenant from forfeiture of his estate because of the failure to pay rent. Only those issues mentioned in the statute could be litigated in that proceeding. In the case of Rader v. Prather, supra, this Court said:
"Will the fact that the action in the county court proceeded to judgment before a court of equity was resorted to by the holder of the lease cause the court to withhold the relief prayed for if it would have otherwise granted it? We think not. The purpose of the action in the county court was to dispossess the appellant. No issues were involved in that proceeding, except those mentioned in the statute. Sections 3543 and 3545, Revised General Statutes, sections 5407 and 5409, Compiled General Laws of Florida 1927. The county court has no inherent power, as has a court of equity, to relieve a tenant from a forfeiture of his estate because of the failure to pay rent at the time required by the terms of his lease. In 16 R.C.L. 1152, we find that:
"`The fact that the forfeiture has been enforced by proceedings at law for the recovery of possession is not itself ground for denying relief.'

*333 "In the case of Charles Mulvey Mfg. Co. v. McKinney, supra [184 Ill. App. 476], which is somewhat similar to this case, the lease involved gave the lessor the right to declare a forfeiture for the nonpayment of rent. The lessee failed to offer to pay an installment of rent until two days after it became due, and lessor elected to terminate the lease, brought an action of unlawful detainer, and took judgment for possession. Thereupon the lessee filed his bill of complaint for relief against the forfeiture. The appellate court, in holding that he was entitled to such relief, among other things, said that in `the statutory action of unlawful detainer the right of possession alone is involved, and the judgment in such action does not conclude the lessee from relief in equity.'"
The cause should be and is hereby reversed for further proceedings.
HOBSON, C.J., and TERRELL and SEBRING, JJ., concur.