WIGGINTON, Judge.
Defendant has appealed a final decree rendered in favor of plaintiff, and against defendant on its counterclaim, whereby it was adjudged that the lease contract between the parties remain in full force and effect, and defendant be permanently enjoined from ousting plaintiff from the premises so long as plaintiff abides by the terms of the lease agreement.
*858 On January 13, 1962, plaintiff leased a parcel of real property in Okaloosa County on which he operated a business. Stipulated rental under the lease was required to be paid the 13th day of each month, the lease to continue for a period of four years until January 12, 1966. Under the terms of the lease plaintiff had the option of purchasing the property prior to expiration of the term.
Plaintiff occupied the property described in the lease and timely paid the monthly rental called for therein to and including the month of February 1964. Plaintiff mailed to defendant within the ten days grace period provided by the lease his check for the monthly rental due on March 13, 1964. The check was received by defendant within the grace period provided in the lease, and by it deposited for payment. On March 30, plaintiff was notified by his bank that the rental check had been received and returned to the payee because there were insufficient funds in plaintiff’s account to pay the check. Plaintiff immediately called defendant’s office advising of the circumstances and requesting either that the check be redeposited when received by defendant, or if desired, plaintiff would mail a cashier’s check in its place. In this conversation plaintiff was advised that the check, when received, would be redeposited for clearance. Plaintiff heard nothing further from defendant until April 6, 1964, when he received defendant’s letter stating that it had elected to terminate the lease for failure of plaintiff to pay the March rent when due, and demanding that possession of the property be delivered to defendant on a date stated in the notice. Plaintiff’s attorney immediately wrote a letter to defendant attempting to pay the March rent with a check drawn on his escrow account, which offer was rejected and the check returned. Plaintiff then filed this action praying for a decree enjoining defendant from terminating the lease and evicting plaintiff from the lease premises. With the filing of his complaint plaintiff paid into-the court’s registry the amount necessary to pay the March rent, and thereafter made additional deposits for the subsequent monthly rental when it accrued prior to-final determination of the cause.
In the final decree appealed the chancellor found and concluded as follows:
“The Court does not consider the circumstances such to justify terminating the contract of the parties and forfeiting same on the facts produced on final hearing. The Court further feels, that to terminate the lease agreement under which the plaintiff has acquired a right to an equity in the property, should he exercise his option to purchase under the lease agreement, would be of manifest injustice to the plaintiff, especially in view of the fact that it appears from the evidence produced before the Court that there has been a design on the part of the defendant to oust the plaintiff from the premises for some time prior to the institution of this suit. This Court cannot in good conscience order that the contract be terminated. * * * ”
We have carefully considered the evidence adduced at the trial and find substantial competent evidence to support the-chancellor’s exercise of discretion in granting the relief set forth in the final decree.[1] Appellant having failed to demonstrate an abuse of discretion or any other error requiring reversal, the decree appealed is. affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Nevins Drug Co., Inc. v. Bunch et al., (Fla.1953) 63 So.2d 329; 20 Ma.Jur. 386-Landlord, and Tenant-§ 137.