469 So.2d 153 (1985)
Richard J. FOWLER, Charles A. Fowler, III, and Anna L. Fowler, Appellants,
v.
RESASH CORP., a Florida Corporation, and Riviera Plaza Associates, Inc., a Florida Corporation, Appellees.
Nos. 84-528, 84-1181.
District Court of Appeal of Florida, Third District.
March 26, 1985.
*154 Gerald E. Rosser, Miami, for appellants.
Richard & Richard and Dennis Richard and Richard Sarafan, Miami, for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
Richard J. Fowler, Charles A. Fowler, III and Anna L. Fowler, the lessors of a ninety-nine year lease on a Miami Beach hotel, appeal a final judgment which, inter alia, relieves the lessees, Resash Corp. and Riviera Plaza Associates, Inc., of a forfeiture on the lease and sets aside a jury verdict which found a breach of the lease covenant to repair and assessed damages in the amount of $400,000. The trial court in the final judgment stated its basis for setting aside the forfeiture as follows:
"1. This Court, as a Court of equity, hereby exercises its inherent power to relieve the tenants from any forfeiture which would, might or could result from the alleged breach asserted by the Plaintiffs herein, and Defendants' Motion for Judgment Setting Aside Forfeiture, be and the same is hereby granted, and Final Judgment in favor of the Defendants and against the Plaintiffs on Plaintiffs' claim for possession of the subject premises, be and the same is hereby entered.
2. That this Court, as a Court of equity, takes cognizance of the special circumstances of this case, wherein the Plaintiffs admittedly seek to obtain their reversionary interest approximately 50 years prior to the lease's natural expiration date and after well over $200,000.00 worth of improvements have been made to the subject premises by the Defendants, and under circumstances where the forfeiture and termination of the lease would unavoidably result in the Plaintiffs becoming inequitably and unjustly enriched at the expense of the Defendants.
3. This Court, as a Court of equity, also finds that the evidence is not in conflict on the issue of actual damages, and clearly reflects that the Plaintiffs, as holders of a reversionary interest, have suffered no actual damages whatsoever, as a result of the alleged breach but, rather, Plaintiffs admit that the Defendants have long ago cured any and all City violations and removed the decorative colonnade as demanded by the Plaintiffs. The Plaintiffs have further admitted that the current value of the leased premises, if unencumbered by the lease, is approximately One Million ($1,000,000.00) Dollars, and that upon a forfeiture of Defendants' leasehold interest, the rental value of the interest of the Plaintiffs will increase from $12,000.00 a year to approximately $9,000.00 per month, ($108,000.00 per year). Under these circumstances, forfeiture of the Defendants' leasehold interest would be unconscionable and inequitable, resulting in a tremendous windfall benefit to the Plaintiffs, and an even greater financial loss to the Defendants, which would be manifestly unjust.
4. Further, this Court finds that the money judgment sought by the Plaintiffs herein pursuant to the terms of the Lease Agreement between the parties, must, as a matter of law, be based upon and is dependent upon the existence of a valid, proper and enforceable termination and forfeiture of the Defendants' leasehold interest. Inasmuch as this Court has set aside and relieved the tenants from any forfeiture, there is no predicate in law or in equity for an award of money *155 damages in favor of the Plaintiffs and, therefore, that portion of the jury verdict awarding such damages to the Plaintiffs be and the same is hereby set aside and final judgment in favor of the Defendants and against the Plaintiffs on the Plaintiffs' claims for money damages be and the same is hereby entered."
R. 368-69.
We fully approve the trial court's findings and judgment as stated above. We conclude the court, sitting as a chancellor in equity, had the inherent power to treat the defendants' post-trial motion for judgment setting aside a forfeiture as a proper request to relieve the lessees of the forfeiture under the lease which in effect, was compelled by the jury's verdict. We further conclude that the court had a proper legal basis in this case, as stated above, to relieve the lessees of this forfeiture. See Nevins Drug Co. v. Bunch, 63 So.2d 329 (Fla. 1953); Smith v. Winn Dixie Stores, 448 So.2d 62 (Fla. 3d DCA 1984); see also Miami Dade Industrial Park, Inc. v. Miami Dyeing & Printing, Inc. 14 B.R. 947 (Bankr.S.D.Fla. 1981); Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930).
The trial court also granted certain other post-trial motions filed by the lessees as alternative relief in this cause. In view of our approval of the final judgment setting aside the forfeiture, however, those portions of the order under review are moot and we express no opinion thereon.
The final judgment relieving the lessees of a forfeiture under the lease, setting aside the jury verdict herein and entering judgment for the lessees is affirmed. The balance of the order under review is moot.
Affirmed as stated.