### In re STUDEBAKER'S OF FT. LAUDERDALE LTD., Debtor.

**Bankruptcy No. 86–07271.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Jan. 20, 1987.

---

**1.** *See,* 11 U.S.C. § 101(30).

**2.** Bkr—L Ed., Code Commentary and Analysis, § 11:27, at page 25.

W. Kirk Brown, and Harold Regan, Tallahassee, Fla., Attys. for Debtor.

Karen Kantner Brown, Ft. Lauderdale, Fla., for Oakland Forest.

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

## OPINION

THIS MATTER came on to be heard on an emergency basis upon the debtor's motion for an order reinstating the debtor to possession of leased premises. By its motion, the debtor seeks to have this Court oust a lessor which had regained posses-sion of non-residential real property from the debtor/lessee in accordance with applicable state law.

## FACTS

Based on the pleadings and memoranda submitted by counsel for both the debtor and the lessor, it appears that a dispute arose between the parties regarding rents due during the construction of the leasehold improvements by the lessor or one of its affiliates. The debtor failed to pay or tender payment of the disputed rent and on June 13, 1986, the lessor served the three-day notice to pay or to vacate the premises as provided for under Florida Statutes § 83.20(2). An eviction action was subsequently commenced in the County Court in Broward County, Florida, and on November 20, 1986, a final judgment was entered declaring that the lessor was entitled to possession of the premises and directing the issuance of a writ of possession by the clerk.

Following the entry of the final judgment, the debtor delayed for a short time the issuance of the writ of possession, however, the writ was finally issued and posted by the sheriff on December 17, 1986. At that time, the lessor took possession of the premises. The debtor filed its Petition for Relief under Chapter 11 on December 30, 1986, and filed the instant motion the following day.

## CONTENTIONS

The debtor, in support of its motion for order reinstating it to possession, asserts that it has an equitable right to possession of the subject premises; that due to the debtor's improvements of said property, the landlord will be unjustly enriched if allowed to remain in possession; and that it is ready, willing, and able to tender the full amount owed on the rent arrearage, plus interest, costs, and attorney's fees to the landlord herein. At the hearing on this motion the debtor tendered the payment, apparently for the first time since the dispute arose.

The landlord contests said motion, asserting that the lease was validly terminated pursuant to state law prior to the debtor's filing of the Chapter 11 petition. It contends that since terminated, the leasehold interest is no longer an asset of this debtor; that there exists no authority for this court to resurrect the terminated lease and allow assumption thereof under § 365 of the Bankruptcy Code; and that therefor, this court lacks jurisdiction over these premises and the expired lease.

The debtor has not challenged herein the landlord's contention that the subject lease was *statutorily* terminated under applicable Florida law, but rather emphasizes its right to *equitable* relief from unjust enrichment and forfeiture. The debtor postulates the principle "equity abhors a forfeiture" and cites the cases of *Rader v. Prather*, 100 Fla. 591, 130 So. 15 (1930), and *Executive Square Office Building v. O'Connor & Associates, Inc.*, 19 B.R. 143 (Bkrtcy.N.D.Fla.1981), in favor of reinstating a tenant to his leasehold estate whether the lessor has or has not entered and dispossessed the tenant, so long as the tenant has faithfully tendered payment of the arrears of rent with accrued interest.

## DISCUSSION

■ Upon review of *Executive Square v. O'Connor, supra,* and similar cases wherein the courts have considered the principle of equity to prevent the forfeiture of the lease, this court notes a common factual thread: either the tenant remained in possession of the premises following termination of its lease and was still in possession upon the filing of the bankruptcy petition and/or the statutorily prescribed eviction proceedings, if begun, had not yet resulted in a final judgment. Under these circumstances, many courts have ruled that such bare "hold-over" possession by the tenant and/or inconclusive proceedings for repossession by the landlord gives the tenant a slight equitable interest which is property of the estate under § 541 and protected by the filing of the petition pursuant to § 362. *In re Maxwell*, 40 B.R. 231 (Bkrtcy D.C.1984). In appropriate circumstances, and upon full tender of payment of

the default arrearages, equity has, at least in one case other than *Executive Square, supra,* been applied to reinstate a lease. *In re Fountainbleau,* 515 F.2d 913 (5th Cir.1975). However, in *Fountainbleau,* as in *Executive Square,* the tenant was still in possession of the leased premises. Furthermore, the court in *Fountainbleau,* found that pursuant to Louisiana law, cancellation of a lease for nonpayment of rent is not effective until a court has ordered termination and granted possession. *Id* at 914. Lastly, *Fountainbleau* was decided in accordance with the Bankruptcy Act under which a lease could only be assumed by a trustee if it could be cured according to the terms of the lease or contract. Thus, if it could not be cured under its terms, it was not assumable, even though it had not finally been terminated. *Executive Square,* at 145.

Under § 365 of the Bankruptcy Code, the equitable considerations applied in *Fountainbleau* have been superseded by specific statutory language addressing the assumption of leases. Section 365(c)(3) provides that:

(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor ... if, (3) such lease of nonresidential real property has been terminated under applicable nonbankruptcy law prior to the order for relief.

If the *lease* is thus terminated, as opposed to the tenant being dispossessed of the premises, then the trustee is precluded from assuming it. The presence of a slight equitable interest by virtue of possession of premises by a debtor has no bearing whatsoever on the issue of the assumability of an unexpired lease. "Once a lease is terminated prior to the intervention of bankruptcy, the landlord-tenant relationship is gone regardless of the right of possession." *Maxwell, supra,* at 237 citing *Matter of R.R.S., Inc.,* 7 B.R. 870, 873 (Bkrtcy.M.D.FL 1980).

While it is well settled that possession gives rise to a slight equitable interest of the debtor which is protected by the § 362 automatic stay, the debtor herein was not even in possession of the premises when

this case was filed. Accordingly, the debtor had no interest in the lease or the leasehold premises to be included as property of the estate under § 541 when this case was filed. That the debtor may be able to avoid the lease termination and eviction through a state court action for equitable relief does not mean that there exists any equitable property interest in that lease.

Under the circumstances of the instant case, this court concurs in the opinion of *In re Fidelity American Mortgage Co.*, 19 B.R. 568 (Bkrtcy PA 1982). The debtor/tenant therein lost all interest in the property pursuant to a lease termination and appointment of a receiver; nonetheless, the tenant prayed for the application of equity to stay foreclosure. The court held that:

> "Where the debtor has lost all interest in the property prior to the filing of a petition under the Code, we conclude that we should not rely on equitable considerations to revive the debtor's interest and to make the automatic stay provisions applicable."

As in *Fidelity American Mortgage Co.*, under the facts of this case there remains no legal or equitable property interest under § 541 to be protected by the stay of § 362 or for the debtor to assume pursuant to § 365.

While it may be argued that the equitable action to which the debtor claims it is entitled under *Rader v. Prather, supra*, may be filed as a "core" proceeding in this Chapter 11 case, such has not been initiated by means of a properly filed adversary proceeding in accordance with Part VII of the Bankruptcy Rules. Even if such had been properly filed, the power of this Court to grant equitable relief in view of the § 365(c)(3) prohibition against the assumption of terminated leases appears very doubtful. Moreover, an action of this nature should be decided by a state court, not this court. Therefore, this court would have exercised its discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing such a proceeding.

Based on the foregoing, the relief requested by the debtor shall be denied. A separate order shall be entered herein accordingly.