# 8TH STREET SHOPPING CENTER v CEVICHE OCEAN STAR, INC., et al.

## Case No. 88-14301 CC05

County Court, Dade County

October 12, 1988

### APPEARANCES OF COUNSEL

**Malcolm B. Wiseheart, Jr.,** Wiseheart & Joyce, P.A., for plaintiff.
**Jose I. Perez,** for defendant.

### OPINION OF THE COURT

JOAN A. LENARD, County Judge.

### *FINAL JUDGMENT*

THIS CAUSE came on before me for Trial upon the Complaint for Removal of Tenant filed by Plaintiff, 8TH STREET SHOPPING CENTER, a General Partnership, and upon the Counterclaim for return of rental payments filed by Defendant/Counter-plaintiff, CE-

VICHE OCEAN STAR, INC. The Trial was conducted on September 6, 1988, September 16, 1988 and September 19, 1988. The Plaintiff and Defendant each called six witnesses. Based upon the testimony the Court finds that the facts pertaining to this matter are as follows:

## FINDINGS OF FACT

1. On or about June 2, 1987, Plaintiff, 8TH STREET SHOPPING CENTER, a General Partnership, entered into a written Lease Agreement, as Lessor, with CEVICHE OCEAN STAR, INC., as Lessee, with respect to the premises known as Bay 12, 2950 S. W. 8th Street, Miami, Florida, which consist of a restaurant.

2. The amount of the monthly rent was $2,642.76, including the base rent, real estate taxes, common area maintenance and Florida Sales Tax.

3. The said Lease Agreement provided in pertinent part that the Landlord would make the following improvements:

a. Two (2) restrooms - handicapped access.

b. Five (5) tons of air conditioning cooling.

c. Unfinished demising walls.

d. Electrical power and plumbing to the demised premises.

e. Acoustic ceiling and fluorescent lighting according to the landlord's standard finishing plan.

f. Glass storefront.

g. Side entrances, side glass, and cafeteria window.

h. Stubbing of water and sewer.

4. The Lease further provided that the Lease would commence and rent would be payable "forty-five (45) days after completion of Landlord improvements and delivery of possession to the Tenant or when the Tenant opens for business, whichever occurs first."

5. While there was a conflict of testimony, the Court finds the credible testimony presented establishes that the Plaintiff completed all of the material improvements to be made by the Landlord on or before February 1, 1988. The first monthly rental payment was therefore due in mid-March of 1988 or 45 days after the completion of the improvements by the Landlord in accordance with the parties' Lease; however, the Plaintiff agreed with the Defendant that rental payments would not have to commence until April 1, 1988.

6. Defendant, in fact, paid rent for the month of April, 1988;

however, the amount of rent which was paid was $2,239.00 and not the full amount that was due. At the time the payment was made, Defendant had actual knowledge of the condition of the premises as the Defendant had entered into possession of the premises prior to February 1, 1988.

7. The Defendant also paid rent on July 1, 1988, for the month of June, 1988, again, in the amount of $2,239.00.

8. Both payments of rent were voluntarily made by the Defendant; neither the check for June's rent nor the check for July's rent contained any indication that the payments were "under protest" and the checks bore no other restrictive legend.

9. On or about August 5, 1988, Defendant wrote to the Plaintiff claiming that improvements to be made by the Plaintiff had not been made and insisting that rent should not have to be paid by the Defendant; however, after registering its protest with the Plaintiff, the Defendant, again, on August 9, 1988, submitted another check to the Plaintiff for rent in the amount of $2,239.00, which was refused by the Plaintiff.

10. On August 10, 1988, the Plaintiff served the Defendant with a three-day notice requiring that the rent then owing, $8,735.80, be paid within three days excluding Saturdays, Sundays and legal holidays, or that the Defendant deliver possession to the Plaintiff.

11. The Defendant failed to tender the full amount of rent due and, in fact, tendered no rent at all within three days of the service of the notice upon the Defendant. The total amount of rent which was due and owing by the Defendant to the Plaintiff at the time of Trial in this matter was $11,378.56, representing rent for the months of April, May, June, July, August, and September, 1988 in the amount of $2,642.76 per month for a total of $15,856.56, less the total payments received on account from the Defendant, namely, $4,478.00.

12. The Defendant has paid into the Registry of the Court the sum of $2,112.50.

13. The Defendant has made improvements to the premises in the amount of $72,000.00.

## CONCLUSIONS OF LAW

The legal principles which are applicable to this case are as follows:

1. The terms of a commercial lease are conclusive in determining the obligations of the Landlord and Tenant and the Court is without authority to substitute its own judgment for that of the parties by

rewriting the parties' agreement. *S.H. Kress & Co. v Garfield,* (3 DCA 1966) 193 So.2d 192; *Rodeway Inns of America v Alpaugh,* (2 DCA 1980) 390 So.2d 370.

2. A Tenant who fails to make timely objection to the alleged nonperformance by a Landlord may be subsequently estopped to raise such alleged nonperformance. See, *Richards v Dodge,* (2 DCA 1963) 150 So.2d 477.

3. If a Tenant is in default of payment of rent, and the default continues after three-days' notice in writing demanding the payment of the rent or possession of the premises, the tenancy may be terminated. FS § 83.20(2).

4. The County Court has power to entertain equitable defenses (FS § 34.011) and notwithstanding statutory termination of tenancy, the County Court can relieve a tenant from suffering a forfeiture as a result of failure to make timely payments of rent where all of the rent has been deposited into the Registry of the Court or where appropriate arrangements are made for the prompt repayment of the rent owed, together with appropriate costs and fees. *Rader v Prather,* (Fla. 1930) 130 So. 15; *Fowler v Resash Corp.,* (3 DCA 1985) 469 So.2d 153; *Smith v Winn Dixie Stores, Inc.* (3 DCA 1984), 448 So.2d 62; and *Nevins Drug Co. v Bunch,* (Fla. 1953) 63 So.2d 329.

And based on the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED AND ADJUDGED as follows:

1. That the Plaintiff is the prevailing party in this matter.

2. Defendant shall pay to the Plaintiff rent for the month of October, 1988, which became due on October 1, 1988, in the amount of $2,642.76 and the said payment shall be made no later than five (5) days from the date of this Order.

3. Defendant shall pay to the Plaintiff the sum of $9,266.06, representing the balance of rent arrearages ($11,378.56) owed by the Defendant to the Plaintiff for the months of April, May, June, July, August, and September, 1988, less the sum of $2,112.50 which has been deposited by the Defendant into the Registry of the Court; the said payment of $9,266.06 shall be made by the Defendant to the Plaintiff no later than thirty (30) days from the date of this Order.

4. That upon making both of the payments specified in paragraphs one (1) and two (2) above, in full and when due, and upon compliance with such further orders relating to Court costs and attorney's fees which may be issued hereafter, Defendant shall be permitted to remain

in possession of such premises in accordance with the terms of the parties' Lease Agreement.

5. In the event that the Defendant fails to make either of the payments in full and when due as specified in paragraphs one (1) or two (2) above, Plaintiff shall be entitled to Final Judgment for possession of the premises described in the Plaintiff's Complaint, namely, Bay No. 12, 2950 S. W. 8th Street, Miami, Florida, with Writ of Possession to issue upon the filing of an Affidavit of Non-Payment.

6. That, in any event, the Clerk of the County Court be, and he is hereby, authorized and directed to disburse from the Registry of the Court the sum of $2,112.50 to the Plaintiff by issuing his check made payable to "8TH STREET SHOPPING CENTER" and by sending same to Plaintiff's counsel, Wiseheart & Joyce, P.A., 2840 S. W. Third Avenue, Miami, Florida 33129.

7. That Defendant/Counter-plaintiff take nothing by the Counter-claim filed against the Plaintiff/Counter-defendant.

8. That the Court shall retain jurisdiction over the subject matter hereof and over the parties hereto for the purposes of consideration applications to tax costs and attorney's fees.

DONE AND ORDERED at Miami, Dade County, Florida, this 12th day of October, 1988.