84 So.2d 717 (1956)
Christine R. ROBERTS, personally and as Administratrix of the Estate of F.E. Roberts, deceased; Ronnie Roberts, a minor, and Martha K. Roberts, a minor, Appellants,
v.
Wendell ROBERTS, Appellee.
Supreme Court of Florida. Special Division A.
January 20, 1956.
Rehearing Denied March 27, 1956.
*718 Warren, Klein & Moore, Miami Beach, for appellant.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
TERRELL, Justice.
This was a suit in equity by Wendell Roberts against Christine Roberts, personally and as administratrix of the estate of Francis E. Roberts, deceased, Ronnie Roberts and Martha K. Roberts, minors and the adopted children of Christine Roberts and the deceased. The amended complaint alleged that Francis E. Roberts died December 8, 1953, possessed of certain property known as Roberts Ranch; that he held title to an undivided one-half interest in certain other property, including an undivided seven-eighths interest in lands, building and equipment known as Sanitary Meat Company. It was further alleged that while he held the legal title, decedent was in fact a trustee for the use and benefit of himself and the plaintiff who owned equal shares. The complaint also alleged that on December 1, 1947, the parents of Francis and Wendell Roberts by deed and bill of sale conveyed an undivided one-sixth interest in the lands and cattle referred to as Roberts Ranch to each of their three children. This conveyance was alleged to be a conveyance by the parents as an advancement to the children without consideration.
Later by deed of November 25, 1950, Wendell Roberts and wife conveyed to Francis Roberts an undivided one-sixth interest in the lands described as Roberts Ranch and Sanitary Meat Co. The said deed was acknowledged June 1, 1951, but was recorded February 14, 1953. It was alleged that no consideration passed for this deed, that its purpose was for decedent's convenience in view of the fact that plaintiff was absent from the county for long periods and was not expected to survive long account of a serious heart ailment. It is also alleged that on March 24, 1953, the parents conveyed to Francis Roberts the remaining one-half interest in Roberts Ranch and Sanitary Meat Co., at which time they also conveyed an undivided one-half interest in all the livestock and equipment to the ranch and Sanitary Meat Co. This included more than 1,000 head of cattle, automobiles, trucks, machinery, etc. The consideration for the latter conveyance was $15,000 in notes, payable $1,000 per month, interest at 3% with other consideration. Encumbrances on this property amounted to approximately $25,000 and the conveyance was on condition that Francis Roberts account to his brother.
Pursuant to this conveyance, the parents made provision by will and certain transfers to the daughter, Anna D. Church, who on May 20, 1953, conveyed one-sixth interest in the ranch and Sanitary Meat Company to Francis Roberts. It was alleged that this conveyance was without consideration and that the property passed to decedent for himself and the plaintiff in equal shares. After procuring the legal title and paying off encumbrances, Francis E. Roberts placed a new mortgage on the premises for $60,000. Francis E. Roberts then died intestate leaving his widow, one of the appellants, and two minor adopted children. It was alleged that the widow individually and as administratrix fraudulently refused to recognize the interest of the plaintiff with the intent to deprive plaintiff of his one-half interest. The prayer was for accounting, settlement of claims, equitable relief and determination of undivided interest in the property.
By his answer defendant tendered the following defenses: (1) general denial of the material allegations of the complaint; (2) set up certain affirmative defenses; (3) alleged that the consideration for the sale of March 24, 1953, was $15,000 in notes and assumption by decedent of the mortgage *719 and other encumbrances on the property; (4) deed and bill of sale were delivered in escrow to Wauchula State Bank to be delivered when the mortgage and encumbrances were lifted; (5) conveyances by daughter were also placed in escrow to be delivered when the mortgage was paid; (6) the answer listed other defenses and concluded with the defense that plaintiff did not come into equity with clean hands, that he attempted to establish a constructive trust as result of a fraud perpetrated by him rather than any act of decedent.
On the issues so made, testimony was taken by the court who found "that the equities of the cause are in all respects with the plaintiff and that he is entitled to the relief herein granted." The material part of the decree is as follows:
"The evidence leaves no reasonable doubt in the Court's mind that all the properties in question belonged originally to A. Lola Roberts, the mother of the plaintiff, Wendell Roberts, the deceased, Francis Roberts, and Anna Dee Church; that the conveyances of cattle and land (an interest in Roberts Ranch) by A. Lola Roberts (the mother) joined by her husband, to their three children, dated December 1, 1947, and the subsequent conveyances of cattle and land by said parents to Francis Roberts, dated March 24, 1953, were gifts made for the purpose of dividing the properties therein described between their said children. The obligations assumed by Francis Roberts in the deed from parents, of March 24, 1953, plus the notes aggregating $15,000 given by him, constituted a mere fraction of the value of said properties. "Prior to March, 1953, the parents decided (and the children agreed) to give the ranch to their sons and to make other provision for their daughter satisfactory to her. To that end, and without any consideration moving from Francis Roberts, the deed and bill of sale from Anna Dee Church to Francis Roberts, dated May 20, 1953, were executed, and the parents gave said Anna Dee Church other property therefor.
"Francis Roberts definitely and distinctly agreed with his parents before their conveyances to him of March 24, 1953, and before the said conveyances from Anna Dee Church to him, that Wendell Roberts owned, and that he, Francis Roberts, would convey to Wendell Roberts, a one-half undivided interest in all the properties so conveyed to him. Such conveyances were made to him individually at his solicitation, because he was managing the ranch, and Wendell Roberts was in the vegetable brokerage business, which caused him to be absent from Wauchula for about 90% of the time, much of which was spent in other states. Francis Roberts was not only buying and selling cattle, but procuring loans from time to time with which to operate the ranch, and sometimes was required to secure such loans by mortgages on the cattle or lands, or both, and to procure Wendell's signature occasioned delay, trouble and some expense. Also, shortly before March, 1953, Wendell Roberts developed a heart condition of such severity that it was doubtful whether he would survive, and Francis urged that if Wendell should not survive, he would be greatly embarrassed in managing and operating the ranch in the event Wendell Roberts had a record interest therein. Francis Roberts repeatedly assured his parents, both before and after the conveyances were made, that he would convey a one-half undivided interest to Wendell Roberts, and said conveyances to Francis were made upon that condition, but Francis died without so conveying.
"The conveyances of his one-sixth interest in the land and cattle by Wendell Roberts to Francis, dated November 25, 1950, acknowledged June 1, 1951, and recorded (deed February 14, 1953, and bill of sale several months after this suit was brought) were not with the intent to hinder, delay and defraud creditors of Wendell Roberts, *720 and did not have that effect, but were induced by Francis Roberts to enable him, as manager of the ranch, to handle, convey and mortgage the property with greater facility and upon Francis Roberts' distinct and definite promise that he would reconvey the property to Wendell Roberts, which he never did.
"Francis Roberts caused a one-eighth undivided interest in the Sanitary Meats Co. property to be deeded to his father, S.E. Roberts, as well as to Margaret Roberts, the wife of Wendell Roberts, without their knowledge or consent, and upon learning thereof they promptly rejected the proffered title, and disclaimed the apparent ownership."
The court then entered a detailed order for enforcement of his decree from which this appeal was prosecuted. Several questions are urged for determination but the gist of the controversy is whether or not the chancellor under the circumstances shown was authorized to declare a constructive trust on one-half of the estate of the decedent, Francis E. Roberts.
Appellants contend that the conveyance by Wendell Roberts dated November 25, 1950 was made to defraud creditors and to impede collection of arrears of support payments for his minor children. The chancellor found to the contrary, that said conveyance was for business reasons and that it was prompted by the health of Wendell Roberts. True, one who comes into equity must come with clean hands else all relief will be denied him regardless of the merit of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men. Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 1945, 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381; Root Refining Co. v. Universal Oil Prod. Co., 3 Cir., 1948, 169 F.2d 514; O'Brien v. O'Brien, 1925, 197 Cal. 577, 241 P. 861; McCord v. Bridges, 1921, 205 Ala. 692, 89 So. 39; Dunscombe v. Amfot Oil Co., 1923, 201 Ky. 290, 256 S.W. 427; Buszozak v. Wolo, Sup.Ct. 1925, 125 Misc. 546, 211 N.Y.S. 557. It is not essential that those who invoke equity should have led blameless lives since the doctrine of clean hands is not a judicial straight jacket. The application vel non of the doctrine rests in the sound discretion of the court. American University v. Wood, 294 Ill. 186, 128 N.E. 330. In this case it is not shown that appellants sustained their contention or that the chancellor abused his discretion.
In connection with Wendell Roberts' claim for workmen's compensation, appellant contends that he (Wendell Roberts) made a written declaration to the effect that he was an employee of the ranch and had no interest as owner. It appears that this declaration was made after the death of Francis E. Roberts and just before filing the complaint. Appellants say that this declaration against interest destroys plaintiff's chances to establish a constructive trust and recover the property. This declaration and the evidence relating to it were reviewed by the chancellor. It is true that Francis Roberts held legal title to the ranch and Wendell Roberts drew a salary from the Sanitary Meat Co., said to be a subsidiary of the ranch. The chancellor had other testimony before him and upon consideration of what he had before him, we can not say that the elements of estoppel were established against the asserted interest of Wendell Roberts.
It is finally contended that an accounting in favor of Wendell Roberts can not be required if a constructive trust existed prior to date of the transaction on which such a trust is predicated.
The chancellor ordered an accounting from December 1, 1947, to date of the order. The conveyance from plaintiff to decedent was dated November 25, 1950, but was not recorded until February 14, 1953. It is contended that there is no basis in law or fact for accounting to commence in 1947, as decreed. It appears, however, that appellants overlook that December 1, 1947, was the date that the parents conveyed one-sixth undivided interest to each of their *721 children. Long before this conveyance, Francis Roberts had exclusive management of the property and continued such management until the time of his death. We find no error in the order fixing the period of accounting. It appears that the primary contention of appellants turns on the interpretation of the evidence; the chancellor had the witnesses before him, observed them testify and decreed accordingly. He was in much better position to do this than we are. To reverse him would amount to substitution of our judgment for his which we are not authorized to do.
Since no error is made to appear, the decree appealed from is affirmed.
Affirmed.
DREW, C.J., THORNAL, J., and DICKINSON, Associate Justice, concur.