WIGGINTON, Judge.
This interlocutory appeal is from an order entered by the County Judge of Volusia County relating to venue. It is contended by appellant that the trial court erred in finding that Volusia County is the proper venue for the administration of the estate involved in this proceeding, and in refusing to transfer the proceeding to the County Judge’s Court of Orange County.
On April 10, 1954, the decedent Harold E. Rodgers made and published his Last Will and Testament, devising and bequeathing his entire estate to his wife, Clyde R. Rodgers, and appointing her executrix thereof. On January 12, 1960, Rodgers was granted a final decree of divorce from his then wife by the Circuit Court of Volusia County. Some three weeks later Rodgers married the appellant, Lucille J. Dover, with whom he lived as husband and wife until the date of his death on May 15, 1962.
Three days following Rodgers’ death his former wife, Clyde R. Rodgers, filed her petition in the County Judge’s Court of Volusia County for admission to probate of Rodgers’ Last Will and Testament, and for issuance of letters testamentary to her as executrix. This petition alleged that at the time of his death Rodgers was a resident of and domiciled in Volusia County. Letters testamentary were issued to Clyde R. Rodgers, upon this petition. Six days thereafter appellant, Lucille J. Rodgers, petitioned the County Judge’s Court of Orange County for issuance of Letters of Administration, alleging that Rodgers died intestate while a resident of and domiciled in Orange County. Letters of Administration issued to Lucille J. Rodgers on this petition.
On. July 5, 1962, appellant Lucille J. Rodgers filed her petition in the County Judge’s Court of Volusia County, praying that the order admitting to probate Rodgers’ Last Will and Testament, and all other proceedings taken in connection with the estate, be declared void and of no further force and effect. The petition further prayed that Clyde R. Rodgers be ordered to account and deliver over to Lucille J. Rodgers all of the assets belonging to the estate which have come into her hands pursuant to her appointment as executrix, and that the purported Last Will and Testament of Rodgers be delivered to the County Judge of Orange County and filed in the estate proceedings pending in the probate court of that county. %.
Upon issue joined by responsive pleadings the County Judge of Volusia County heard testimony adduced by the respective parties with regard to the issue of venue. Following the hearing the County Judge entered an order in which he found that petitioner had failed to prove to the satisfaction of the court that during his lifetime the decedent Rodgers had changed his place of domicile from Volusia to Orange County. The prayer for transfer of the probate proceedings to the County Judge’s Court of Orange County was denied and jurisdiction of the cause was retained. It is from this order that the appeal is taken.
Both parties agree that prior to his divorce from appellee, the decedent was legally domiciled in Volusia County. By her petition appellant assumed the burden of proving by a preponderance of evidence that following his divorce from appellee on January 12, 1960, the decedent Rodgers abandoned his domicile in Volusia County and established a new and different domicile at Orlando, Orange County.
We will not burden this opinion with a recitation of the evidence adduced by the respective parties bearing upon the issue of change in domicile by decedent prior to his death. The evidence contained in the record is of such nature as would have supported a finding and judgment by the County Judge on either side of this issue. We cannot say with conviction that the County Judge applied incorrect principles of law to the facts, or misapprehended the legal effect of evidence in his finding that appellant had failed to establish by a preponderance of the evidence that the decedent had abandoned his domicile in Volusia County, and had established a new domicile in Orange *393 County prior to his death. It is fundamental that the order or decree of the trial court comes to this court with a presumption of correctness, and where there is competent, substantial evidence to support his findings and conclusion, the judgment will not be disturbed. Appellant having failed to demonstrate that the order appealed is clearly erroneous, we have no alternative but to affirm.
The order is accordingly affirmed and the appeal dismissed.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.