PER CURIAM.
The appellants are appealing from a final decree entered by the trial court, sitting without jury, in which he found that appellants had entered into a contract with appellees wherein appellants charged usurious interest. The trial court, under the authority of Florida Statutes 687.07, F.S. A., cancelled the mortgage held by appellant, Tampa Bay Terminal, Inc., and ordered appellants to repay to appellees the sum of money which appellees had paid pursuant to the contract.
The appellants base two of their points on appeal on the assumption that the transaction in question involved a loan in conjunction with a sale of a second mortgage. However, it appears from the final decree that the trial court found that there was no valid sale but instead that the purported sale was simply a device utilized by appellants in attempting to avoid the usury laws. The trial court’s findings of fact come before us clothed with a presumption of correctness. Bass v. Bass, Fla.App. 1966, 188 So.2d 346. Before we could consider appellants’ points on appeal, appellants would have to show a lack of substantial competent evidence to support the trial court’s findings. LaFrance Cleaners & Dyers, Inc. v. Argenio, Fla.App. 1962, 147 So.2d 330. The appellants have failed to make such a showing; thus, the trial court’s findings must stand.
In another point on appeal, appellants claim that the trial court erred by entering judgment in favor of appellees collectively against appellants collectively. The record shows that this was agreed to at trial and this question cannot now be raised for the first time on appeal. Marsh v. Sarasota County, Fla.App.1957, 97 So.2d 312.
The appellants also claim that the trial court erred in not allowing them to file a post-trial motion wherein they sought to amend and assert an affirmative defense. The trial court’s decision to refuse amendment to pleadings will not be disturbed on appeal unless an abuse of discretion is shown. McSwiggan et al. v. Edson, Fla. 1966, 186 So.2d 13. The appellants have failed to make such a showing.
The appellants’ other points have been considered and found to be without merit.
The judgment appealed from is affirmed.
LILES, C. J., and ALLEN and SHANNON, JJ., concur.