415 So.2d 84 (1982)
DOCTOR'S HOSPITAL OF HOLLYWOOD, INC., Appellant,
v.
Hunter W. MADISON and Minnie W. Madison, His Wife, Appellees.
No. 81-472.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
*85 Mottlau & Wakefield, P.A., and Mark Hicks of Daniels & Hicks, Miami, for appellant.
Rubin & Rubinchik, Hollywood, and Larry Klein, West Palm Beach, for appellees.
BERANEK, Judge.
This appeal concerns the denial of a motion to vacate a default. Appellant contends that it has demonstrated excusable neglect and a meritorious defense. It is the duty of the trial court to make the determination of whether or not the facts constitute excusable neglect. A trial court is vested with broad discretionary powers in this regard, and in order to reverse a court's ruling, there must be a showing of a gross abuse of discretion. Schwab & Company, Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962).
In the landmark decision of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), our Supreme Court issued guidelines for review of a judge's discretionary power. The court stated, "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness." In light of this definition of review, we find that the trial court did not abuse its discretion, grossly or otherwise. Having reached this conclusion on the issue of excusable neglect, we need not reach the issue of a meritorious defense.
AFFIRMED.
WALDEN, J., concurs.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring:
I agree that the trial court's order should be affirmed. My views are in substantial accord with the contentions advanced by the appellees in their brief:
The summons and complaint were received by the defendant on April 3, 1980. Defendant's affidavit signed by the hospital administrator said that he was not a lawyer, that he mistakenly assumed that this summons and complaint were nothing more than subsequent filings in medical mediation, and therefore the summons and complaint were not answered or forwarded for answer. That excuse is almost identical to the excuse alleged in Schwab & Co., Inc. v. Breezy Bay, supra, wherein the company employee who received the suit papers thought there was nothing urgent and they could wait until his boss's return. That explanation was held insufficient to set aside a default judgment. In the present case, the time sequence demonstrates an utter disregard for the rules of practice and procedure. Plaintiff's counsel waited almost six months before moving for default, on August 27, 1980. On October 10, 1980, default was entered. Prior to entry of the default on August 10th, the other defendant in this case, the physician, served a crossclaim on the hospital on October 7th, 1980.
On October 16th, 1980, the trial court entered an order providing for trial against the hospital on damages only, and a copy of this order was sent to the hospital.

*86 On November 14, 1980, the hospital's counsel filed a notice of appearance.
It was not until January 15, 1981, that the hospital filed a motion to set aside the default. This was three months after the hospital had been served with the cross-claim by the doctor, and almost 10 months after the hospital had been served with suit papers.
If this constitutes excusable neglect, then whenever a defendant is sued and says that he thought the suit papers did not have to be answered, it will constitute excusable neglect. The law is of course to the contrary. In all of the cases relied on by the defendant, the suit papers were lost or misplaced. In the present case the hospital administrator simply decided these papers did not have to be answered, and even after being served with a counterclaim in the lawsuit in early October of 1980, no motion was ever filed to set aside the default judgment until January 15, 1981.
CONCLUSION
It was within the discretion of the trial court to determine whether this was excusable neglect or gross neglect and the trial court determined it was the latter. No abuse of discretion has been demonstrated. The order of the trial court should therefore be affirmed. (Record citations omitted.)