430 So.2d 990 (1983)
Alfred ANISH, Appellant,
v.
Amritlal TOPIWALA and Sunnyland Reflections, Inc., Appellees.
No. 83-217.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Richard M. Dunn, Miami, for appellant.
Kenney, Boswell & Kaufman, Timothy H. Kenney and Harvey Kaufman, Palm Beach, for appellees.
Before BARKDULL, HUBBART, and NESBITT, JJ.
NESBITT, Judge.
Anish, one of the defendants below, seeks reversal of a circuit court order granting a partial final judgment determining liability in favor of the plaintiff. We affirm.
Following the dismissal of a complaint, an amended complaint was filed against Anish, Kaiser, and two other defendants on *991 November 5, 1980. On November 26, 1980, the attorney for Anish filed a motion to withdraw as counsel. Anish retained new counsel who failed to respond to the amended complaint. On February 11, 1981, co-defendant Kaiser filed a voluntary petition for bankruptcy in federal court and advised Anish that the bankruptcy petition stayed the proceedings against Anish. Subsequently, plaintiff's counsel filed a motion for default against Anish, and again, Kaiser advised that no action need be taken because of the automatic stay. One week later, Anish's second attorney was granted leave to withdraw from the case. Thereafter, when Anish had no counsel of record a default was entered on May 20, 1981. That order provided, however, that it would be vacated if Anish filed an answer to the amended complaint within fifteen days. It is undisputed that Anish received notice of the entry of that order. Nonetheless, relying upon Kaiser's advice, Anish failed to respond. Almost one year later, the plaintiff moved for entry of a final judgment on the default. Anish's motion to set aside the default, filed on June 1, 1982, was denied and a partial final judgment determining liability in favor of the plaintiff was granted. This interlocutory appeal was filed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
The trial court is vested with broad discretionary power in making a determination of whether or not the facts constitute excusable neglect to justify vacating a default. Doctor's Hospital of Hollywood v. Madison, 415 So.2d 84 (Fla. 4th DCA), pet. for rev. denied, 422 So.2d 842 (Fla. 1982). In order to reverse a court's ruling, there must be a showing of a gross abuse of discretion. Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978). Under the facts presented, we cannot say that the trial court abused its discretion.
While the defendant attempts to focus our attention on the confusion created by the change in attorney and his reliance on a codefendant's statement that the bankruptcy proceeding stayed the action against all defendants, we view the critical point to be Anish's failure to comply with the court's order of May 20, 1981. It is undisputed that Anish received a copy of this order which clearly informed him that the default would be vacated if a response was filed within fifteen days. This order clarified any confusion which may have been created by Kaiser's advice. Accordingly, we reject the defendant's claim of excusable neglect.
Affirmed.