448 So.2d 62 (1984)
Patrick F. SMITH, James T. Bernhardt and Joan M. Bernhardt, Appellants,
v.
WINN DIXIE STORES, INC., Appellee.
No. 83-1262.
District Court of Appeal of Florida, Third District.
April 10, 1984.
Holland & Knight, Thomas G. Schultz and Paul M. Bauch, Miami, for appellants.
Lapidus & Stettin and Richard Lapidus, Miami, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
We have reviewed the Final Judgment entered by the trial court in favor of The Grand Union Company[*]. The court considered whether:
[U]nder the facts of this case, should a Court of equity relieve a tenant from forfeiture of a lease where said tenant defaults on the lease and the jury determines that the owner has not waived the default under the terms of said lease.
Upon consideration of the pleadings, evidence, testimony, and argument of the parties, the trial court concluded:
It is a recognized principle of law that if there is an express provision of the lease providing for forfeiture upon a default for failure to comply with any obligation under the lease,[5] forfeiture of a lease *63 may be permitted. Forfeiture of leases have been permitted for breach on the part of the lessee to pay rent or to repair or remedy defects or to pay taxes. See 34 Fla.Jur[.]2d, Landlord and Tenant, Section 116; and Augusta [Corporation] v. Strawn, 174 So.2d 422 (Fla. 3rd D.C.A. 1965).
It is also axiomatic that a Court of equity may relieve a lessee against forfeiture when the effect of enforcing the tenant's default would result in an eviction which would be unconscionable, inequitable or unjust under the circumstances. Rader v. Prather,[6] [100 Fla. 591], 130 So. 15 (Fla. 1930), and Ameri-first Federal Savings and Loan v. Century 21, 416 So.2d 45 (Fla. 3rd D.C.A. 1982); Brady v. Edgar, 415 So.2d 141 (Fla. 5th D.C.A. 1982). It has long been the law in this State that contractual provisions for forfeiture are not favored and will be strictly construed against the party seeking to invoke them and will [be] enforced unless the Court finds substantial, egregious or continued violations of the conditions of the lease. Augusta Corporation v. Strawn, 174 So.2d 422 (Fla. 3rd D.C.A. 1965). The rule that equity will relieve lesses [sic] from a forfeiture incurred by breach of a condition contained in a lease based upon the notion that forfeiture is intended merely as security for payment of money. Rader v. Prather, [100 Fla. 591], 130 So. 15 (Fla. 1930). Further, [130 So.], at page 18 of the Rader opinion,
"In absence of gross negligence or willful and persistent violation of the contract, such matters as are alleged in the bill of complaint should appeal to the conscience of a Court of equity and [are] ordinarily sufficient to justify granting relief from a forfeiture." (emphasis supplied)
In this case the lease is one that has been in existence for a long period of time. The tenant Grand Union duly paid rent and taxes, and substantially complied with the other obligations under the lease. Granting the fact that Smith acted in accordance with the terms of the lease insofar as notifying Grand Union of their breach, in light of the size and complexity of the corporate structure of Grand Union, said breach amounts to no more than excusable neglect. Under the facts of this case to allow the landlord the right to evict the tenant would be inequitable and unconscionable. This is particularly true when the lease has been of long standing and the breach is of a covenant of relatively minor importance. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954). Although the default was a technical violation, the Court does not find it a willful, deliberate or intentional violation of a material covenant of the lease, particularly in view of the relatively prompt attempt to correct the default by the return of the $495.00 to reimburse for the City's lien by Grand Union by its letter of January 30, 1980.
As further ground for relief Smith asserts that Grand Union's overall conduct constitutes unclean hands, failure to do equity and illegal conduct which prevents it from asserting any equitable defenses. In particular, evidence was presented by Grand Union that subsequent to the institution of this action, the roof and ceiling at Grand Union had fallen into disrepair and as a consequence thereof, Grand Union applied for a building permit by filing a sworn statement stating it was the owner of the property and did not notify Smith until after the roof had been repaired. As the law of Coral Gables requires that a building permit be obtained through an application by a sworn statement of the owner, Smith asserts that by filing a false statement under oath, Grand Union has engaged in a fraudulent, illegal act and should not be in a position to invoke the equitable grace of the Court.
Article 18 of the lease places upon the tenant, the duty, at the tenants [sic] expense, to "erect such buildings and improvements as the tenant shall choose, provided such buildings and improvements comply with all relative laws..." As the tenant had the duty under the *64 lease to repair the roof on the Grand Union building and there is no issue that the work was performed according to applicable law, the fact that Grand Union filled out a building permit as the "owner" is not the type of conduct to apply the doctrine of unclean hands. Roberts v. Roberts, 84 So.2d 717 (Fla. 1956), Peninsula Land Co. v. Howard, [149 Fla. 772, 786], 6 So.2d 384 (Fla. 1941). While it is true equity will interfere where a party is guilty of conduct condemned by honest and reasonable men, it is also true that de minimis non curat lex.

In conclusion, under all the circumstances, a long term lease, no default in rent, a prompt willingness to cure the default by a tender of the amount ($495.00) due after being advised of the default it would be unconscionable and unreasonable to approve a forfeiture of the Grand Union lease.
[5] Articles 2, 16 and 20 of the lease provide for termination or forfeiture for any breach of its covenants or obligations.
[6] In Rader v. Prather, supra, the rule was stated as follows: "A Court of equity has inherent power to relieve a tenant from a forfeiture of his estate because of a failure to pay rent at the time required by the terms of the lease... And this Court has held that Courts of equity always mitigate forfeitures when it can be done without doing violence to the contract of the parties..." 130 So. at 216-17 [sic].
We find no impediment to the trial court's grant of relief from forfeiture under general equitable principles. We therefore affirm the Final Judgment.
Affirmed.
NOTES
[*] Upon motion, Winn Dixie Stores, Inc. has been substituted for The Grand Union Company.