452 So.2d 1111 (1984)
Sherman H. FRIEDMAN and Martha G. Friedman, His Wife, Appellants,
v.
U.S. HOME CORPORATION, Clearwater Concrete Industries, Inc., and Robert Fertig, Appellees.
No. 83-2168.
District Court of Appeal of Florida, Second District.
July 13, 1984.
*1112 Daniel B. Schuh of Schuh & Schuh, St. Petersburg, for appellants.
John T. Blakely of Johnson, Blakely, Pope, Bokor & Ruppel, P.A., Clearwater, for appellees.
OTT, Chief Judge.
In this action for damages based on breach of a new home warranty and negligence, the Friedmans appeal from a final judgment in appellees' favor. We affirm.
The Friedmans agreed to purchase a lot and a new home from U.S. Home Corporation. Robert Fertig was the licensed contractor on the job, and Clearwater Concrete Industries, Inc., furnished the concrete for the floor slab in the new home. The compressive strength of the concrete slab is approximately 1600 pounds per square inch. Appellees admit that the applicable building code requires 2500 pounds per square inch and that the concrete slab therefore constitutes a defective component.
U.S. Home warranted the home to the original purchasers against defects in material and workmanship for one year from the closing date. Pursuant to the homeowners warranty, U.S. Home agreed to either repair or replace at its option and at no charge to the original purchaser any defective component.
In accordance with its warranty, U.S. Home proposed to repair the defective slab by covering it with a surface hardener, by shallow trenching and filling with mortar around the perimeters of the floors, and by replacing the slab in the garage. The proposal also involved rewarranting the house against structural deficiencies caused by the weak slab. The Friedmans doubted the effectiveness of the proposed repairs, rejected the offer, and filed the instant suit for damages.
Following trial, the lower court entered a final judgment in appellees' favor. Therein, the trial court found that the only issue was whether to repair or replace the concrete slab, that plaintiffs' experts believed that only total replacement of the concrete slab would cure the identified problems, that defendants' experts believed that the repair program proposed by appellees would effectively cure the problems, that all expert witnesses were equally credible, and that therefore plaintiffs had failed to prove by a preponderance of the evidence that defendants' proposed repairs were not a reasonable exercise of their option under the homeowners warranty.
The final judgment of the trial court comes to this court clothed with a presumption of correctness. See Walker v. Narose Buildings, Inc., 206 So.2d 400 (Fla. 2d DCA), cert. denied, 212 So.2d 871 (Fla. 1968). The lower court's findings and conclusions *1113 will not be disturbed where there is competent, substantial evidence to support such findings and conclusions. In re Estate of Rodgers, 149 So.2d 391 (Fla. 1st DCA 1963).
Based on our review of the record, we find competent, substantial evidence to support the final judgment rendered by the trial court.
Parenthetically, we note that appellees' attorney affirmatively represented to this court that U.S. Home will repair and rewarrant the defective floor slab in accordance with its warranty and pretrial offer.
AFFIRMED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.