486 So.2d 5 (1986)
David GERGORA and George Gergora and E.M.R. Corp., Appellants/Cross-Appellees,
v.
William FLYNN and Elizabeth Flynn, His Wife, Appellees/Cross-Appellants.
Nos. 85-355, 85-356.
District Court of Appeal of Florida, Third District.
February 25, 1986.
Rehearing Denied April 16, 1986.
*6 Kass & Fried and Robert Fried, Blank, Rome, Comisky & McCauley and Nancy J. Cliff, Miami, and Leonard Dubin and Zenola Harper, Philadelphia, Pa., for appellants/cross-appellees.
High, Stack, Lazenby, Palahach & Lacasa and Robert C. Tilghman, Coral Gables, for appellees/cross-appellants.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
Lessee, E.M.R. Corporation [E.M.R.], and sublessees, David A. Gergora and George Gergora [the Gergoras] seek reversal of the final judgment rescinding the long-term lease between appellants and lessors, William Flynn and Elizabeth Flynn [the Flynns]. The Flynns cross-appeal the denial of their motion for attorney's fees. We affirm the judgment and post-trial orders.
E.M.R. and the Gergoras challenge the trial court's finding that their material breaches justified rescission. E.M.R. further asserts that the Flynns waived any default by continuing to accept rent. We disagree.
The trial court's judgment comes to this court clothed with a presumption of correctness, Friedman v. U.S. Home Corp., 452 So.2d 1111 (Fla. 2d DCA 1984); Taylor Creek Village Association v. Houghton, 349 So.2d 1219 (Fla. 3d DCA 1977), and will not be disturbed on appeal absent a showing that the findings are clearly erroneous or constitute an abuse of discretion. Manufacturers National Bank v. Canmont International, Inc., 322 So.2d 565 (Fla. 3d DCA 1975); Morrison v. Smith, 257 So.2d 623, 624 (Fla. 4th DCA 1972). After reviewing the record, we find that substantial evidence supports the trial court's findings that material breaches occurred. We find that the Flynns did not waive their right to rescind the lease by accepting rent payments after material breaches occurred. The lease provides that in the absence of a written waiver of default, the lessor may continue to accept benefits.[*]Raimondi v. I.T. Chips, Inc., 480 So.2d 240 (Fla. 4th DCA 1985); Philpot v. Bouchelle, 411 So.2d 1341 (Fla. 1st DCA 1982). We find no merit in appellants' remaining points.
In their cross-appeal, the Flynns claim the trial court erred in denying them attorney's fees. They cite a clause providing for the payment of attorney's fees in an action brought to enforce the lease. The Flynns contend that they did not waive their entitlement to attorney's fees when they abandoned their damage claim at trial and pursued only their equitable remedy. We disagree. Attorney's fees provided for in the contract are an element of damages in an action for breach of contract. See Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985). Thus, when the Flynns waived their damage claim, they also waived attorney's fees. For these reasons, we affirm.
Affirmed.
HUBBART, J., concurs.
*7 SCHWARTZ, Chief Judge (dissenting in part).
In my view, it conclusively appears that the alleged breaches of the lease  all of which were promptly corrected after notice and none of which could be deemed more than trivial in any case  had no material effect upon the landlord's substantial interests so as to justify the extreme remedy of cancellation. See Radar v. Prather, 100 Fla. 591, 130 So. 15 (1930); Smith v. Winn Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984). For this reason, I would reverse the judgment below.
NOTES
[*] The lease provides in pertinent part:

ARTICLE XXVI
MISCELLANEOUS PROVISIONS
It is mutually covenanted and agreed by and between the parties as follows:
... .
4. That no modification, release, discharge or waiver of any provisions hereof shall be of any force, effect, or value, unless in writing, signed by the Lessor or the duly authorized agent of said Lessor.