505 So.2d 618 (1987)
Joseph L. SHARPE, Frances Sharpe, Barry A. Sharpe and Jack D. Sharpe, Appellants/Cross-Appellees,
v.
SENTRY DRUGS, INC., Appellee/Cross-Appellant.
No. 86-1166.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Rehearing Denied May 12, 1987.
Ruden, Barnett, McClosky, Schuster & Russell and Woodrow "Mac" Melvin, Jr. and W. Wyndham Geyer, Jr., Miami, for appellants/cross-appellees.
Samuel M. Spatzer, Coral Gables, Steven R. Berger and William G. Liston, Miami, for appellee/cross-appellant.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
This is an appeal and a cross-appeal from an order entering final summary judgment in favor of plaintiffs in a dispute centering around a lease agreement.[1] The plaintiffs/lessors contend on appeal that the trial court erred in finding, as a matter of law, that although the defendant/lessee violated a provision of the parties' lease agreement when it subleased a small portion of the leased premises to a third party without prior written consent, the lessee's violation was insufficient to support a forfeiture of the original lease. We affirm the judgment of the trial court in all respects.
The pertinent facts are as follows. The lessee occupies 4,800 square feet of lessors' shopping center pursuant to the original thirty-year lease agreement. The unauthorized sublease allowed a third party in the same line of business as the lessee to occupy approximately 300 square feet of the original premises. The sublease is no longer in effect, as the subtenant vacated the lessors' premises subsequent to the filing of this lawsuit. A forfeiture would result in a windfall to the lessor because the rental value of the premises has increased substantially since the lease agreement was entered. Under these facts, the trial court found that the sublease was a violation "not sufficient to constitute a forfeiture of the main lease agreement as a matter of law."
It is well established that both equity and the law abhor forfeitures, and that a court may relieve a lessee against forfeiture when the effect of enforcing a lessee's default would result in an unconscionable, inequitable, or unjust eviction under the circumstances. Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); Smith v. Winn Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984). In Smith, we affirmed a circuit *619 court order relieving a corporate lessee from forfeiture of a long term lease despite the lessee's violation of an express provision of the lease. There, as in the instant case, the lease provided for forfeiture upon a default for failure to comply with any of the lease's obligations. We stated:
Under the facts of this case to allow the landlord the right to evict the tenant would be inequitable and unconscionable. This is particularly true when the lease has been of long standing and the breach is of a covenant of relatively minor importance. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954).
448 So.2d at 63.
In Fowler v. Resash Corp., 469 So.2d 153 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985), we affirmed a final judgment setting aside a forfeiture. There, the trial court reasoned that forfeiture, under circumstances which would result in a windfall benefit to the plaintiffs and great financial loss for defendants, would be manifestly unjust, unconscionable, and inequitable.
Returning to the case at bar, the lessors' sole contention on appeal is that final summary judgment was improper in light of the competent, substantial evidence before the trial court that the lessee's violation was willful and persistent. We disagree. Notwithstanding such evidence, the lessee's act of subleasing a portion of its premises without the lessors' consent was insufficient, as a matter of law, to support a forfeiture of the parties' entire lease. See Gergora v. Flynn, 486 So.2d 5, 7 (Fla. 3d DCA) (Schwartz, C.J., dissenting in part) (violation of lease agreement could not "be deemed more than trivial in any case" and "had no material effect upon the [lessors'] substantial interests so as to justify the extreme remedy of cancellation"), review denied, 500 So.2d 544 (Fla. 1986); see also Smith, 448 So.2d at 64 ("While it is true equity will interfere where a party is guilty of conduct condemned by honest and reasonable men, it is also true that de minimis non curat lex.").
The lessee cross-appeals from that portion of the order awarding damages to the lessors in the amount of five hundred dollars. We have carefully considered the arguments and authorities submitted on cross-appeal and conclude that reversible error has not been demonstrated.
Accordingly, the final summary judgment under review is affirmed.
Affirmed.
NOTES
[1] The trial judge entered the summary judgment at the pre-trial conference, on his own motion, after having considered the record, the arguments of counsel, and the proffers of evidence to be presented at trial. See Hillsborough County v. Sutton, 150 Fla. 601, 8 So.2d 401, 402 (1942) (if conference progresses to point of eliminating all questions of fact court may give judgment according to the law on the facts before it.)