PER CURIAM.
Gary Levine executed a $50,000 promissory note to Barnett Bank of South Florida, N.A. Thereafter, the note came in default. The bank credited certain funds in a joint account of the Levines as a partial payment of the note, and certain wire transfers were also credited. Barnett commenced a suit to collect the balance due after a default judgment was entered. A final judgment in the principal sum of $50,769.17 was entered. No appeal of this judgment was taken. During the progress of the case the Le-vines attempted to file an answer and counterclaim,, alleging bank misconduct in connection with the loan and the seizure of funds. This proposed counterclaim was denied and no appeal was taken. Thereafter the Levines instituted an independent action seeking the same relief as alleged in the denied counterclaim. This was met by an answer setting up the defense of res judicata, among others. The trial court denied a motion for summary judgment on the res judicata ground, after a default was entered against the Levines for failure to respond to a counterclaim. Final judgment in all respects was entered in favor of the bank and Wahrburg, its officer. The Le-vines appeal a denial of their motion to set aside the default for failure to respond to the counterclaim under clerk’s file number 87-1345. They appeal under clerk’s file number 87-1057 the final summary judgment as ultimately entered, and the bank cross appeals in this appeal the failure of the trial judge to enter a summary judgment on the res judicata issue.
We affirm in all respects. No appeal was taken from the original final judgment on the note and the bank clearly had the right to offset the accounts and wire trans *128 fer. Coyle v. Pan American Bank of Miami, 377 So.2d 213, 215 (Fla. 3d DCA 1979); Grandin Industries, Inc. v. Florida National Bank at Orlando, 267 So.2d 26 (Fla. 4th DCA 1972). No error has been shown in the entry of the default for failure to respond to the counterclaim, Anish v. Topiwala, 430 So.2d 990 (Fla. 3d DCA 1983); Doctors Hospital of Hollywood v. Madison, 415 So.2d 84 (Fla. 4th DCA 1982), pet. for rev. denied, 422 So.2d 842 (Fla.1982); B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981), or in the entry of the ultimate final judgment. Gergora v. Flynn, 486 So.2d 5 (Fla. 3d DCA 1986); Wesley Construction Co. v. Lane, 323 So.2d 649 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1185 (Fla.1976). The affirmance of the ultimate final judgment action makes moot the cross appeal. Therefore the orders under review, as described in the notices of appeal by appellants, are affirmed and the cross appeal by the bank is dismissed as moot.