## RYAN v RYAN
### Case No. 87-23950 FC 25
Eleventh Judicial Circuit, Dade County

**August 11, 1988**

### APPEARANCES OF COUNSEL

**Sherman Crawford** for petitioner/wife.
**Kenneth R. Duboff** for respondent/husband.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER ON MOTION FOR CONTEMPT*

THIS CAUSE came before the Court on Petitioner's Motion for Contempt (and her letter relating thereto) on July 20, 1988, for Respondent's alleged failure to comply with timely alimony payments.

The Court was privy to the lives of the parties during the initial contested proceedings leading to a dissolution of a marriage of some twenty-eight years. The parties enjoyed a life style which might otherwise be deemed "normal" to the rest of our community who complied with unpleasant, but essential, tax laws. The parties lived in a modest-well-to-do neighborhood, owned an upper middle class house,

and five (5) automobiles at the time of these proceedings. During these proceedings, it became evident many months ago, that for the past twenty-two years, the parties did not file any federal income tax returns. At that time, the Court cautioned the parties and, indeed, permitted the parties additional time within which to become current with their federal obligations.

On June 6, 1988, at the time of the final hearing in this cause, the parties announced that they had agreed on the terms of a Final Judgment of Dissolution of Marriage. The Court was given assurances that the tax aspects were being resolved. Indeed, Respondent's Financial Affidavit filed with the clerk "estimated $40,000 for IRS."

At the hearing for the alleged contempt (which hearing had been set by Petitioner's attorney on the Court's Motion Calendar in front of a courtroom full of people), the Court, aside from being mildly irritated, advised the parties that the Family Court was a court of equity and that equitable principles were to be applied by the court in administering justice between the litigants. See *Roberts v Roberts,* 84 So.2d 717 (Fla. 1956)

"[O]ne who comes into equity must come with clean hands else all relief will be denied him regardless of the merit of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men." (at p. 720)

The Court again at the contempt hearing, cautioned the litigants that it was not only the law, but the duty of every citizen, to *file* tax returns, so that our chosen system of government in all of its aspects might properly operate for the benefit of all of its members, especially those who properly comply with the laws of our community. It would be an abuse of this Court's discretion if it were to render assistance to those who over a period of 22 years have shirked their community responsibilities and flaunted their noncompliance with the law for their own benefit. Indeed, at this point in these proceedings, it is unclear as to which assets belong to which parties and which assets are for IRS obligations.

This Court cannot sit by in silence or be an inactive participant in such conduct. It cannot be doubted that this Court has the discretion and the duty to leave the parties in the same position in which they placed themselves. More specifically, the non-filing of tax returns permits a court to do equity and justice as called for by the facts. See *Hair v Hair,* 402 So.2d 1201, 1203 (5 DCA 1981).

Accordingly, based on the facts before this Court, it is hereby ORDERED AND ADJUDGED as follows:

22

1. The Court shall apply the centuries old equitable principles of "He who seeks equity must do equity," and "In order to come into a court of equity, one must have clean hands."

2. Applying those principles and others to the matter at bar, the Court shall not address this matter until the parties have complied with the most elementary and basic legal and equitable principles of obeying the law.

3. Upon an affidavit being submitted that the parties have filed their tax returns for the past 22 year with the appropriate authorities, this Court will entertain further proceedings in this cause.

DONE AND ORDERED in Chambers in Miami, Dade County, Florida, this 11th day of August, 1988.