545 So.2d 453 (1989)
Martha LOMBARD, Appellant,
v.
EXECUTIVE ELEVATOR SERVICE, INC., Appellee.
No. 87-2605.
District Court of Appeal of Florida, Third District.
June 20, 1989.
*454 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Broad & Cassel, for appellant.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellee.
Before FERGUSON, COPE and LEVY, JJ.
FERGUSON, Judge.
Martha Lombard instituted this lawsuit against the Public Health Trust of Dade County, Florida, d/b/a Jackson Memorial Hospital, and Executive Elevator Service, Inc. for injuries sustained when she tripped on a ledge and fell while exiting a hospital elevator. The ledge was exposed four to five inches because the elevator was not level with the floor. At the time of the accident, Mrs. Lombard, an elderly woman, was accompanying her husband, a patient undergoing treatment. He was being wheeled on a stretcher by a hospital employee. Her complaint alleged theories of ordinary negligence and res ipsa loquitur. This appeal is brought from a summary final judgment entered in favor of Executive Elevator.
Pursuant to the trial court's practice, this case, scheduled for a jury trial, was set for an August 26th, 1987, pre-trial conference. The court instructed plaintiff's counsel to make a proffer of the evidence he intended to produce to prove negligence on the part of the defendants. In the course of that involuntary proffer, counsel was cross-examined at length by the court. Because the trial judge, apparently, was not satisfied with counsel's grasp of the expert evidence, he "requested" that plaintiff's expert witness be produced the following Wednesday, September 2nd, for a "live proffer."
In reluctant compliance with the request, the plaintiff's expert witness, Lawrence E. White, was produced whereupon he made a brief presentation and was, thereafter, cross-examined by the trial court for over an hour. Mr. White gave several theories in support of his conclusion that the elevator misleveling was the fault of the defendant, Executive Elevator, including (1) the defendant permitted the elevator to remain in service with one of its six hoist ropes missing in violation of safety procedures, and (2) the failure to correct the repeated mislevelings of the same elevator constituted improper maintenance. The court ruled that since "[t]he witness was unable to testify what specific malfunction of the elevator caused the incident," the testimony would be inadmissible. On its own motion, the court entered a summary judgment for Executive Elevator.
Lombard contends that the opinion testimony of Mr. White should not have been excluded since it met all of the requirements of sections 90.702-90.705, Florida *455 Statutes (1987), in that (1) the witness was qualified to render an expert opinion, (2) his opinions were based on evidence which would have been presented at trial, (3) his conclusion was premised on data of a type reasonably relied on by experts on the subject and would have assisted the trier of fact in understanding the evidence and determining the facts in issue, and (4) the undisputed facts established a sufficient basis for the expert opinion. We agree.
The trial court's interrogation of Lombard's counsel and the expert witness related only to the weight to be given the opinion testimony of Mr. White and not to its admissibility. See H.K. Corp. v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981) (sufficiency of the facts required to form an opinion would normally be decided by the expert himself; any deficiency related to weight rather than admissibility of his opinion). It is exclusively a function of the trier of fact to weigh the evidence. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Further, the inability of an expert to "pinpoint the exact cause" of an elevator malfunction is not fatal to a plaintiff's cause of action. Davis v. Otis Elevator Co., 515 So.2d 277 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 585 (Fla. 1988).
We disapprove the practice of using a pretrial conference to take testimony for the purpose of disposing of a case on the court's unnoticed summary judgment motion.[1] Two types of pretrial proceedings may be scheduled by the court on its own motion  a case management conference and a pretrial conference. Fla.R.Civ.P. 1.200(a), (b). The pretrial conference rule authorizes the trial judge to take specified administrative actions to control and expedite the subsequent course of the case. Summary judgments, as provided for in Florida Rule of Civil Procedure 1.510, are not included in actions authorized under the pretrial procedure rule.
Further, summary judgment procedures, which are necessarily in derogation of the constitutionally protected right to a fair and full trial, should be applied with special caution in negligence actions where the showing of negligence is dependent on expert testimony. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The defendant, Executive Elevator Service, Inc., did not prove conclusively, as required, the non-existence of any material issues of fact on the negligence question. In fact the defendant's counsel conceded, on the record, quite correctly, that the court's dissatisfaction with the expert witness's testimony went to the weight of the evidence.
The summary judgment is reversed and the cause is remanded for a jury trial.
NOTES
[1] The appellee suggests that we approved this procedure in Sharpe v. Sentry Drugs Inc., 505 So.2d 618 (Fla. 3d DCA 1987). Sharp is clearly distinguishable because that procedure, apparently, was agreed to, and the evidence before that court was by way of a true proffer rather than compelled testimony, did not involve expert testimony, and required the court to apply only the undisputed facts in making a determination whether there was a violation of a particular provision in a lease agreement.