PER CURIAM.
This is an appeal by the defendants Michael J. Farrell and Lucio Nardi from a non-final order enforcing a settlement agreement between the parties wherein the defendants are required to transfer certain stock to the plaintiff Republic of Colombia, by the Superintendent of Banks, Intervenor of Banco Nacional. We have jurisdiction to entertain this appeal, Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(ii), and affirm.
First, there is no merit to the defendants’ contention that they were never notified that the trial court would conduct an evidentiary hearing on the plaintiff’s motion to enforce the settlement agreement between the parties, and thus were denied due process of law. The motion was heard at a case management conference wherein the parties were fully notified that the court intended to rule on the subject motion which clearly called for the taking of evidence. Indeed, prior to the said conference, the defendants filed a case management conference statement acknowledging that the subject motion would be heard at said conference; moreover, the defendants offered no contemporaneous objection when (a) the trial court entertained the subject motion at the case management conference, and (b) received evidence in support of the subject motion. This being so, the defendants were fully accorded due process notice of the subject motion and *973 evidentiary hearing thereon.[1] See Dawkins v. Dawkins, 494 So.2d 282, 284 (Fla. 2d DCA 1986); Loury v. Loury, 431 So.2d 701, 703 (Fla. 2d DCA 1983).
Second, there is no merit to the defendants’ contention that the trial court erred in admitting in evidence the transcript of testimony taken on the subject motion before a different trial judge. The defendants made no objection below to the introduction of the subject transcript and thus have not preserved the point for appellate review, see Salomon v. National Car Rental Sys., Inc., 247 So.2d 101, 101 (Fla. 3d DCA 1971); Thrifty Super Mkt., Inc. v. Kitchener, 227 So.2d 500, 502 (Fla. 3d DCA 1969). Moreover, the transcript of the prior hearing was admissible in any event. See Habig v. Bastían, 117 Fla. 864, 158 So. 508 (1935); Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 259 (Fla. 1st DCA 1984), rev. denied, 467 So.2d 999 (Fla.1985); § 90.803(22), Fla.Stat. (1989).
Finally, the trial court clearly had the authority to enforce the subject settlement agreement. Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), dismissed, 330 So.2d 15 (Fla.1976); Broadband Eng’r, Inc. v. Quality RF Servs., Inc., 450 So.2d 600 (Fla. 4th DCA 1984); cf. Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 649, 1 So.2d 872, 877 (1943).
Affirmed.

. This case is distinguishable from Lombard v. Executive Elevator Service, 545 So.2d 453 (Fla. 3d DCA 1989), where we disapproved "the practice of using a pretrial conference to take testimony for the purpose of disposing of a case on the court’s unnoticed summary judgment motion.” Id. at 455 (emphasis added). In the instant case, unlike Lombard, the plaintiff filed a summary judgment motion which was properly noticed for a hearing at the case management conference; such a practice is perfectly proper. Compare Sharpe v. Sentry Drugs, Inc., 505 So.2d 618, 618 n. 1 (Fla. 3d DCA 1987) (court’s own summary judgment motion properly heard at case management conference where parties apparently agreed to it, Lombard, 545 So.2d at 455 n. 1).